CAROLINA TIMBER MANAGEMENT COMPANY, INC. v. HIRAM C. BELL, EXECUTOR FOR EDWARD EARL BELL, DECEASED

No. 7411DC151

(Filed 20 March 1974)

1. **Damages § 6— loss of use of vehicle**
    The right to recover for loss of use of a vehicle during the time in which plaintiff is necessarily deprived of it is limited to situations in which the vehicle can be repaired at a reasonable cost in a reasonable time.

2. **Damages §§ 6, 15— loss of use of vehicle — mitigation of damages**
    In an action to recover for loss of use of plaintiff's truck which was damaged in a collision with an automobile operated by defendant's testate, the evidence did not disclose as a matter of law that plaintiff failed to act reasonably to minimize his damages where it tended to show that the truck was taken to a Mack truck repair shop in Raleigh, that the next closest facility to repair such truck was in Greensboro, that the repairs took six months, that plaintiff made twelve personal visits or telephone calls to the repair shop to see when the truck would be available, and that the cost of a new truck was $25,000, the cost of repairs was $7,350 and the cost of renting a replacement vehicle was $4,948.

3. **Negligence § 27; Trial § 16— auto accident — reference to insurance — withdrawal of evidence**
    In an action to recover damages for loss of use of plaintiff's truck, defendant was not prejudiced by the testimony of plaintiff's witness that he talked to an insurance company employee about leasing a vehicle where the court allowed defendant's motion to strike the testimony and instructed the jury to disregard it.

APPEAL by defendant from *Lyon, District Judge,* at the 1 October 1973 Session of JOHNSTON District Court.

Heard in the Court of Appeals 14 February 1974.

This is a civil action to recover for the loss of use of plaintiff's truck which was damaged in a collision with an automobile owned and operated by Edward Earl Bell, now deceased. From a judgment against him for $4,450, the defendant appealed.

---

---

*W. Kenneth Hinton for plaintiff appellee.*

*Donald P. Brock for defendant appellant.*

CAMPBELL, Judge.

[1, 2]   The defendant assigns as error the failure of the trial court to grant defendant's motions for directed verdict made at the close of plaintiff's evidence and again when defendant offered no evidence. The defendant is correct in his contention that the right to recover for loss of use of a vehicle during the time in which the plaintiff is necessarily deprived of it is limited to situations in which the vehicle can be repaired at a reasonable cost in a reasonable time. *Roberts v. Freight Carriers,* 273 N.C. 600, 160 S.E. 2d 712 (1968). It is the defendant's contention that the trial court should have found that as a matter of law the plaintiff acted unreasonably and that the trial court should have granted defendant's motion for directed verdict. The plaintiff's evidence showed that after the accident, which occurred near Pollocksville, North Carolina, the truck was towed to a Mack truck repair shop in Raleigh. The next closest facility to repair such a truck is in Greensboro, North Carolina. The repairs took six months. The plaintiff, during that time, made twelve personal visits or telephone calls to the repair shop to see if and when the truck would be available. The cost of a new truck would be $25,000.00. The cost of the repairs was approximately $7,350.00 and is not involved in the present case. The actual cost of renting a replacement vehicle in the interim was $4,948.78. We hold that the evidence, taken in the light most favorable to the plaintiff, was sufficient to go to the jury. We note that the trial court instructed the jury that before they could render a verdict for the plaintiff that they had to find that the plaintiff acted reasonably to minimize his damages.

[3]   Defendant next assigns as error the mention by one of plaintiff's witnesses in his testimony of insurance. The testimony in question reads as follows:

"Q  Did you at any time later on talk with anyone about leasing a vehicle?

A  Yes.

Q  Who did you talk to?

A  I talked to a Mr. Bob Pinkston.

Timber Management Co. v. Bell

OBJECTION . . . . MOTION TO STRIKE.

OVERRULED . . . . MOTION TO STRIKE DENIED.

I talked to Mr. Bob Pinkston. He is employed by Nationwide Insurance Company.

OBJECTION . . . . MOTION TO STRIKE.

OBJECTION SUSTAINED . . . . MOTION TO STRIKE

ALLOWED . . . . ''

The defendant's motion to strike was granted. The jury was instructed to disregard that statement by the witness. No question was asked or answer given to the effect that defendant had liability insurance or that Mr. Pinkston or Nationwide Insurance Company represented defendant. Ordinarily, it is not permissible to introduce evidence of liability insurance or to make any reference thereto in front of the jury in negligence cases. However, there are circumstances in which it is sufficient for the court, in its discretion, because of the incidental nature of the reference, to merely instruct the jury to disregard it. *Fincher v. Rhyne,* 266 N.C. 64, 145 S.E. 2d 316 (1965); *Keller v. Furniture Co.,* 199 N.C. 413, 154 S.E. 674 (1930); *Lane v. Paschall,* 199 N.C. 364, 154 S.E. 626 (1930); *Fulcher v. Lumber Co.,* 191 N.C. 408, 132 S.E. 9 (1926); *Gilland v. Stone Co.,* 189 N.C. 783, 128 S.E. 158 (1925); *Bryant v. Furniture Co.,* 186 N.C. 441, 119 S.E. 823 (1923); *Norris v. Mills,* 154 N.C. 474, 70 S.E. 912 (1911). We hold that upon full consideration of the circumstances that there was no prejudicial error.

Defendant's other assignment of error is a broadside exception to the charge of the trial court and will not be considered. *Lewis v. Parker,* 268 N.C. 436, 150 S.E. 2d 729. See also Strong, North Carolina Index 2d, "Appeal and Error," § 31, p. 166.

No error.

Judges HEDRICK and BALEY concur.