FELICIA SETZER v. GLORIA L. DUNLAP

No. 7418DC717

(Filed 16 October 1974)

1. **Rules of Civil Procedure § 59— inadequate damages — new trial — discretionary matter**

   A judge may grant a new trial to any party on the grounds that inadequate damages were awarded which appear to have been given under the influence of passion or prejudice, and a motion in this regard is directed to the sound discretion of the trial judge.

2. **Rules of Civil Procedure § 59— inadequate damages — new trial — no abuse of discretion**

   The trial court in a personal injury action did not abuse its discretion in granting plaintiff's motion for a new trial based on the inadequacy of damages of $126 determined by the jury.

APPEAL by defendant from *Washington, Judge*, 3 March 1974 Session of the General Court of Justice of GUILFORD County, District Court Division. This case was submitted to the Court of Appeals on 19 September 1974, pursuant to North Carolina Court of Appeals Rule 10.

Plaintiff filed a complaint on 17 January 1974, asserting that as the result of the defendant's negligence in the operation of her car on 3 August 1973 while she was a passenger therein, she suffered personal injuries. She claimed damages of $2,240.65 of which $126.25 was for medical bills and $114.40 was for lost wages.

The plaintiff's evidence established that she was riding in the defendant's car; that the defendant's car was following another car; that the car in front swerved to miss a third car in the same lane; that the defendant's car collided with the rear end of the third car; that the collision caused personal injury to the plaintiff; that the plaintiff's medical bills amounted to $126.25 and that the plaintiff was out of work for fifty-two hours which, at her hourly wage of $2.20, amounted to $114.40 in lost wages. The plaintiff also put on evidence as to her continued pain and suffering.

After the plaintiff rested, the case was submitted to the jury as the defendant put on no evidence. The issues were presented and answered by the jury as follows:

" (1) Was the plaintiff injured as a result of the negligence of the defendant as alleged in the plaintiff's complaint?

Setzer v. Dunlap

ANSWER: Yes.

(2) What amount, if any, is the plaintiff entitled to recover of the defendant?

ANSWER: $126.00."

After the return of the verdict, plaintiff moved pursuant to G.S. 1A-1, Rule 59(a)(6) and (7) that the court set aside the verdict as the damages were inadequate and that the court grant a new trial. This motion was granted by judgment filed 6 March 1974.

The defendant excepts and appeals.

*Clontz, Gardner and Tate by James W. Clontz for the plaintiff appellee.*

*Sapp and Sapp by W. Samuel Shaffer II for the defendant appellant.*

CAMPBELL, Judge.

[1, 2]   The defendant assigns as error the action of the trial judge in setting aside the verdict and granting a new trial.

Under G.S. 1A-1, Rule 59(a)(6), a judge may grant a new trial to any party on the grounds that inadequate damages were awarded which appear to have been given under the influence of passion or prejudice. A motion in this regard is directed to the sound discretion of the trial judge and it is established that "[w]hile the necessity for exercising this discretion, in any given case, is not to be determined by the mere inclination of the judge, but by a sound and enlightened judgment in an effort to attain the end of all law, namely, the doing of even and exact justice, we will yet not supervise it, except, perhaps, in extreme circumstances, not at all likely to arise; and it is therefore practically unlimited." *Goldston v. Chambers,* 272 N.C. 53, 59, 157 S.E. 2d 676, 680 (1967), quoting *Settee v. Electric Ry.,* 170 N.C. 365, 367, 86 S.E. 1050, 1051 (1915).

We have reviewed the record and fail to find such extreme circumstances as would render this case reviewable. Consequently, this appeal is

Dismissed.

Judges PARKER and VAUGHN concur.