TURNER HALSEY COMPANY, INC., A CORPORATION v. LAWRENCE KNITTING MILLS, INC., A CORPORATION AND LAWRENCE LEVY AND MRS. LAWRENCE LEVY

No. 7726DC1042

(Filed 7 November 1978)

1. **Damages § 9— minimizing damages—jury question raised—summary judgment improper**

    In an action to recover the alleged balance due for goods sold by plaintiff's assignor to defendant, the trial court erred in allowing plaintiff's motion to amend the complaint and motion for summary judgment where defendant alleged that plaintiff failed to take action to sell the undelivered goods to someone else and thereby minimize damages; plaintiff's amendment was a reduction in the amount of the prayer for relief on the ground that plaintiff, after considerable effort, was able to sell the goods for a reduced amount; the amendment raised the same question of minimizing damages which defendant had earlier raised; and whether plaintiff exercised reasonable diligence to minimize its loss was a question for the jury to determine in its consideration of the issue of damages.

2. **Rules of Civil Procedure § 15— motion to amend allowed—immediate summary judgment improper**

    The trial court erred in allowing plaintiff's motion for summary judgment on the same day that he allowed plaintiff's motion to amend its complaint, since G.S. 1A-1, Rule 15(a) gives a party 30 days to respond to an amended pleading.

APPEAL by defendants from *Johnson, Judge.* Judgment entered 27 July 1977, District Court, MECKLENBURG County. Heard in the Court of Appeals 22 September 1978.

In this action plaintiff seeks to recover the alleged balance due for goods sold to Lawrence Knitting Mills, Inc., by Marion Manufacturing Company. The complaint filed 21 July 1976, alleges that Marion Manufacturing Company sold and Lawrence Knitting Mills, Inc., purchased goods for which a balance of $3591.50 remains unpaid. Marion Manufacturing Company assigned the account to plaintiff and defendants Levy executed and delivered to plaintiff a personal guaranty for all liabilities of Lawrence Knitting Mills, Inc. to plaintiff. By answer, defendants denied all the material allegations of the complaint with the exception that they admitted the personal guaranty.

Plaintiff moved for summary judgment and filed affidavit of the Assistant Treasurer of plaintiff verifying the amount due. In opposition to the motion, defendants filed affidavit of Lawrence Levy, individually and as President of Lawrence Knitting Mills wherein he averred that he was a guarantor for Lawrence Knitting Mills which had a contract with Marion Yarns, assignor of plaintiff, for yarn to be used in knitting piece goods for a contract which Lawrence Knitting Mills had with a customer; that Lawrence Knitting Mills accepted some of the yarn but that before the contract with its customer was completed, its customer cancelled the contract; that Lawrence Knitting Mills notified Marion of this situation and that it could not use the yarn; that if it had been spun to sell it to someone else; that no more yarn was shipped to Lawrence Knitting Mills; that had Marion sold the yarn to someone else it would not have suffered any loss but would probably have made a profit greater than that it would have made under its contract with Lawrence Knitting Mills; that although Lawrence had many times requested of Marion that it sell the yarn to minimize damages, it has failed to do so.

The court granted the motion for summary judgment on the issue of liability as to all three defendants but denied it "as to the issue of damages or mitigation thereof."

On 9 June 1977, plaintiff filed a motion for leave to amend its complaint to reduce the amount demanded to $1893.70 because, after considerable effort, it had been able to sell for $1697.80 the goods which defendants refused to accept. At the same time, it moved for summary judgment on the issue of damages. In support of its motion for summary judgment it filed affidavits of employees of both Marion Manufacturing Company and plaintiff.

The contents of the affidavits, summarized, are: On or about 21 October 1974, Lawrence Knitting Mills placed an order with Marion Yarn for 10,000 pounds of a 50% polyester, 50% rayon knitting twist yarn at a per pound price of $1.10, the yarn to be available at the times specified but held for shipping instructions. During 1975, on several occasions, Lawrence Levy orally requested that Marion attempt to sell the yarn elsewhere because he could not afford to pay for immediate delivery. On or about 14 September 1975, Marion sold its accounts receivable against Lawrence Knitting Mills to its factor, the plaintiff herein. On 7 October 1975, Lawrence Levy wrote Marion refusing to accept shipment of the remaining yarns or to pay the invoices. Under the contract, mailing of an invoice prior to receiving written notice of cancellation from the buyer constitutes an effective tender of delivery. On 4 September 1975, an invoice for the remaining 3265 pounds of yarn was mailed to Lawrence Knitting Mills demanding payment in ten days. Since 1 November 1975, salesmen of Marion have tried to sell the yarn but have been unable to obtain any offers except what "would be considered odd lot or close out sales of $.30 per pound". "The highest amount that could be received for the yarn was 25 cents per pound, received on or about January 1, 1975."

On 27 July 1977, the court entered an order reciting that plaintiff's motion to amend the complaint and for summary judgment had been heard on 21 June 1977. The court allowed both motions and defendants appealed.

*Casey and Daly, by Durant W. Escott, for plaintiff appellee.*

*Francis O. Clarkson, Jr., and William B. Webb, Jr., for defendant appellants.*

MORRIS, Judge.

[1] Defendants assign as error the court's granting the plaintiff's motion to amend the complaint and motion for summary judgment. We think the assignment is well taken. The amendment was a reduction of the amount of the prayer for relief. The grounds for the motion were that the contract price was $3591.50 but plaintiff, after considerable effort, was able to sell the goods for $1697.80, thereby leaving a balance of $1893.70. The amendment raises the question of minimizing the damages, a question

previously raised by the affidavit of defendant Lawrence Levy which was filed 22 March 1977. The affidavits filed by plaintiff were all sworn to prior to that date. The affidavit of the salesmen simply aver that they had attempted to sell the yarn; two since November 1975 and one, since August 1976. The affidavits were given by employees of plaintiff and an officer of Marion Yarns, plaintiff's assignor.

The general rule is that where there has been a breach of contract, the injured party must do "what fair and reasonable prudence requires to save himself and reduce the damage; or the damage which arises from his own neglect will be considered too remote for recovery." *Little v. Rose*, 285 N.C. 724, 728, 208 S.E. 2d 666, 669 (1974), quoting from *Tillinghast v. Cotton Mills*, 143 N.C. 268, 55 S.E. 621 (1906). The injured party is required to exercise *reasonable* diligence to minimize the loss. *Chesson v. Container Co.*, 215 N.C. 112, 1 S.E. 2d 357 (1939). Whether the injured party did exercise reasonable diligence to minimize his loss is a question for the jury to determine in its consideration of the issue of damages. *Timber Management Co. v. Bell*, 21 N.C. App. 143, 203 S.E. 2d 339 (1974), *cert. denied*, 285 N.C. 376, 205 S.E. 2d 97 (1974); *Tillis v. Cotton Mills* and *Cotton Mills v. Tillis*, 251 N.C. 359, 111 S.E. 2d 606 (1959).

> "As a rule, it is for the jury to determine whether the plaintiff could have lessened the injury by the exercise of ordinary care and at a reasonable expense. Thus, it is for the jury to decide whether reasonable efforts to avoid damages have been made, and to decide what constitutes ordinary and reasonable care and means to lessen the consequences of an injury." 22 Am. Jur. 2d, Damages § 339, p. 441.

The court was in error in granting plaintiff's motion for summary judgment.

[2]  We also note that the court allowed the motion for summary judgment on the same day that he allowed plaintiff's motion to amend its complaint. G.S. 1A-1, Rule 15(a), provides that "[a] party shall plead in response to an amended pleading within 30 days after service of the amended pleading, unless the court otherwise orders." Defendants do not argue that the court erred in granting the plaintiff's motion to be allowed to amend, but they do take the position that they should have been given time within which

In re Jacobs

to answer before the hearing on the motion for summary judgment. We are inclined to agree. ". . . [W]hen the complaint is amended defendant should be entitled to amend his answer to meet the contents of the new complaint . . ." 6 Wright & Miller, Federal Practice and Procedure § 1476, p. 391; *see also* 3 Moore's Federal Practice 2d § 15.12 p. 15-154. We assume that defendants have, by now, answered, and, with the disposition of the matter here made, the questions raised is of no further importance in this action.

Reversed.

Judges MITCHELL and ERWIN concur.