JOHN MICHAEL HAAS v. REECE KELSO, T/A KELSO'S AUTO ENTERPRISE

No. 8427DC1266

(Filed 16 July 1985)

1. **Rules of Civil Procedure § 15.1— permitting amendment of complaint—no abuse of discretion**

   In an action to recover damages for breach of contract to repair an automobile, the trial court did not abuse its discretion in permitting plaintiff to amend his complaint at the beginning of trial to allege additional damages incurred prior to trial.

2. **Contracts § 29.3; Damages § 6— breach of contract to repair automobile — damages for loss of use**

Damages for loss of use of an automobile were recoverable in an action for breach of contract to repair the automobile where there was evidence that defendant knew plaintiff was employed in another city, that he would be required to drive to work using his wife's car with a bigger engine, and that as a result he would incur additional fuel expense during the time he could not use his own car and would be using his wife's automobile.

3. **Contracts § 28.2— loss of use — instructions requiring breach of contract and negligence**

Defendant was not prejudiced by an instruction placing the burden on plaintiff to show both a breach of contract and negligence on the part of defendant to sustain damages for loss of use of an automobile.

4. **Rules of Civil Procedure § 59— denial of new trial for excessive damages**

The trial court did not abuse its discretion in the denial of defendant's motion for a new trial in an action for breach of contract to repair an automobile on the ground that the amount of the verdict was excessive and unsupported by the evidence. G.S. 1A-1, Rule 59(a)(6).

APPEAL by defendant from *Ramseur, Judge*. Judgment entered 30 August 1984 in District Court, GASTON County. Heard in the Court of Appeals 5 June 1985.

This is a civil action in which plaintiff, John Michael Haas, seeks damages from defendant, Reece Kelso (who is plaintiff's wife's uncle), trading as Kelso's Auto Enterprise, for the alleged breach of a contract to repair an automobile.

The essential facts are:

Plaintiff took his 1970 Volkswagen automobile to defendant's business for repairs sometime during July, 1983. Defendant purportedly agreed to "rebuild the engine" in the automobile for the sum of $611.28 which plaintiff paid 27 August 1983. Plaintiff brought the automobile back to defendant in September, 1983 for a "500 mile checkup" at which time defendant replaced an engine gasket. Plaintiff paid $6.60 for the gasket on 22 September 1983. Plaintiff brought the automobile back to defendant for another "500 mile checkup" early in October, 1983. Plaintiff complained of "knocking" in the engine and defendant installed a cylinder head for $91.53 which plaintiff paid on 12 October 1983. Two weeks later, it became necessary to have the automobile towed to defendant's place of business when a piston "stuck in the engine casing."

Defendant allegedly informed plaintiff that he would try to find a used casing as a replacement from another automobile.

After several attempts, defendant obtained a used casing, placed it in the engine and released the automobile to plaintiff on 26 June 1984. Between October, 1983 and May, 1984, plaintiff and his wife had both contacted defendant concerning the status of the repair work. During this same time period, plaintiff drove his wife's automobile from his home in Gastonia to his workplace in Charlotte, incurring additional fuel expenses of $374.00 due to the fact that the wife's automobile had a bigger engine and was therefore less fuel efficient than plaintiff's automobile. Plaintiff did not actually "demand" return of the automobile until May, 1984.

When plaintiff attempted to drive his automobile home from defendant's place of business on 26 June 1984, the oil pressure warning light came on and the engine began knocking. After contacting defendant, plaintiff had the automobile towed back to defendant's place of business. Defendant examined the automobile and informed plaintiff that he could find nothing wrong, but that he could hear "something knocking." Defendant asked to keep the automobile overnight so he could "listen to it." After keeping the automobile overnight, defendant again informed plaintiff that he could find nothing wrong with the automobile and that plaintiff could get his automobile when he paid the $20.00 towing fee. Plaintiff again attempted to drive his automobile home and again the oil pressure warning light came on and the engine began knocking.

Plaintiff took his automobile to another mechanic who successfully repaired it for $380.00.

This action was originally filed in the Small Claims Division of Gaston County District Court on 12 June 1984. From a judgment for plaintiff, defendant appealed to the District Court. The case came on for trial 27 August 1984 before the Honorable Donald E. Ramseur, Judge presiding, and a jury. At the beginning of the trial, plaintiff moved to amend his complaint to allege additional damages incurred prior to trial. Plaintiff's motion was granted.

The case was submitted to the jury on the issues of breach of contract and damages. The jury found that there was a breach of

contract by defendant and awarded plaintiff $1,109.41 in actual damages and $374.00 in damages for loss of use. The jury also found that defendant was entitled to $310.00 for the reasonable value of automobile "parts furnished and services rendered." Defendant moved to set aside the verdict as being against the greater weight of the evidence and for a new trial. The trial court denied both motions, but remitted $83.41 and entered judgment for plaintiff in the amount of $1,090.00 on 30 August 1984. Defendant appeals.

*Basil L. Whitener, for plaintiff-appellee.*

*Lloyd T. Kelso, by Robert W. Ferguson, for defendant-appellant.*

EAGLES, Judge.

I

[1] Defendant first assigns as error the trial court's granting of plaintiff's motion to amend his complaint. We find no error.

A motion to amend pleadings is addressed to the sound discretion of the trial court. *Markham v. Johnson*, 15 N.C. App. 139, 189 S.E. 2d 588, *cert. denied*, 281 N.C. 758, 191 S.E. 2d 356 (1972); *Willow Mountain Corp. v. Parker*, 37 N.C. App. 718, 247 S.E. 2d 11, *cert. denied*, 295 N.C. 738, 248 S.E. 2d 867 (1978). The trial court's ruling upon a motion to amend pleadings is not reviewable absent a showing of an abuse of discretion. *Smith v. McRary*, 306 N.C. 664, 295 S.E. 2d 444 (1982). Defendant has failed to show an abuse of discretion and there is, accordingly, no error.

II

Defendant next assigns as error the submission of the following issue to the jury on the grounds of insufficient evidence.

3. What amount of damages, if any, is the plaintiff entitled to have and recover of the defendant?

. . .

b) For loss of use?

We find no error.

[2]  When an action for breach of contract is brought, the damages recoverable are those which may reasonably be supposed to have been in contemplation of the parties at the time they contracted. *Stanback v. Stanback*, 297 N.C. 181, 254 S.E. 2d 611 (1979). Damages for injury that follows the breach in the usual course of events are always recoverable provided that plaintiff proves that the injury actually occurred as a result of the breach. Whether damages are recoverable for injury that does not follow breach of a particular contract in the usual course of events (special damages) depends upon the information communicated at the time of contracting. *Id.* The test is generally one of foreseeability. *Hadley v. Baxendale*, 9 Exch. 341, 156 Eng. Rep. 145 (1854). Accordingly, damages for "loss of use" are recoverable in an action for breach of contract where, as here, there was evidence from which the jury could find that defendant knew plaintiff was employed in Charlotte, that he would be required to drive to work from his home in Gastonia using his wife's Chevrolet Impala and that as a result he would incur additional fuel expense during the time plaintiff could not use his own car and would be driving his wife's automobile. As applied to the facts of this case, we find no error in the trial court's submission of this issue to the jury.

[3]  In a related assignment of error, defendant argues that the trial court erred in instructing the jury on loss of use based on defendant's negligence in completing repairs in that negligence was not pleaded or proved.

The trial court instructed the jury:

So, members of the jury, the Court instructs you that if you find by the greater weight of the evidence that there was a breach of the agreement by the Defendant, Mr. Kelso, *and* that the Defendant negligently failed to correct the defects within a reasonable period of time and that as a proximate result thereof the Plaintiff was damaged on account of the loss of use of his vehicle, and that such damages were reasonably foreseeable and within the contemplation of the parties; then you will award to the Plaintiff such damages for loss of use as you find by the greater weight of the evidence and under the rule which I have stated to you. (Emphasis added.)

Defendant shows no prejudice by this instruction. In fact, by this instruction, plaintiff's burden was increased to show by the greater weight of the evidence both a breach of contract *and* negligence on the part of defendant to sustain damages for loss of use. Accordingly, defendant's assignment of error is overruled.

## III

[4] Defendant next assigns as error the trial court's denial of his motion for a new trial pursuant to G.S. 1A-1, Rule 59. Defendant argues that the amount of the verdict was excessive as a matter of law and the evidence insufficient to support it. We find no error.

Under G.S. 1A-1, Rule 59(a)(6), a trial court may grant a new trial to any party on the grounds that damages awarded are inadequate or excessive and which appear to have been given under the influence of passion or prejudice. A motion in this regard is directed to the sound discretion of the trial court. It is established that the trial court's decision will not be disturbed on appeal in the absence of a showing of abuse of discretion. *Setzer v. Dunlap*, 23 N.C. App. 362, 208 S.E. 2d 710 (1974). The same is true for a motion for a new trial on the grounds that the evidence is insufficient to justify the verdict. *Britt v. Allen*, 291 N.C. 630, 231 S.E. 2d 607 (1977). Defendant has failed to show an abuse of discretion in the trial court's denial of his motion for a new trial.

The judgment of the trial court is

Affirmed.

Judges BECTON and PHILLIPS concur.