MARGARET PELZER, Plaintiff v. UNITED PARCEL SERVICE, INC. and JOHN RANDALL McGEE, Defendants

No. COA96-906

(Filed 20 May 1997)

**1. Evidence and Witnesses § 2366 (NCI4th)— automobile accident—refusal to admit expert testimony—unqualified to state opinions sought**

The trial court did not err by ruling that a licensed professional engineer was not qualified to give opinion testimony as to whether defendant violated standards that govern travel by motor vehicles on public roads and whether the manner in which a motor vehicle accident occurred was consistent with plaintiff's

injuries where the engineer was not a certified accident reconstructionist and the evidence established that he first visited the scene of the accident nearly five years after it occurred; had never seen either of the vehicles involved in the collision; took no measurements of the scene; did not review any photographs of the accident scene; based his understanding of how the accident occurred solely on the investigating officer's report; and did not have appropriate medical training to validate his testimony that plaintiff's injuries were consistent with the manner in which the accident occurred.

**Am Jur 2d, Evidence § 1051.**

**2. Evidence and Witnesses § 2916 (NCI4th)— cross-examination—crimes or misconduct of plaintiff's children—depression from motor vehicle accident**

The trial court properly permitted the cross-examination of plaintiff with respect to crimes or acts of misconduct committed by plaintiff's children where the plaintiff had testified that all of her depression resulted from injuries she sustained in the motor vehicle accident with defendant, and the trial court properly limited the jury's consideration of the inquiry to the issue of whether these other factors may have caused or contributed to plaintiff's alleged depression. N.C.G.S. § 8C-1, Rule 611(b).

**Am Jur 2d, Witnesses § 802.**

**3. Damages § 178 (NCI4th)— jury verdict—refusal to set aside**

The trial court did not abuse its discretion in denying plaintiff's motion to set aside a jury verdict of $9,000 and order a new trial on the issue of damages where the jury was properly instructed on the law; heard evidence both favorable and unfavorable to plaintiff; and reached a decision as to the damage sustained by plaintiff as a proximate result of defendant's negligence.

**Am Jur 2d, Damages § 986.**

**Excessiveness or inadequacy of compensatory damages for malicious prosecution. 50 ALR4th 843.**

**Validity of verdict awarding medical expenses to personal injury plaintiff, but failing to award damages for pain and suffering. 55 ALR4th 186.**

PELZER v. UNITED PARCEL SERVICE

[126 N.C. App. 305 (1997)]

**Excessiveness or adequacy of damages awarded for noneconomic loss caused by personal injury or death of spouse. 61 ALR4th 309.**

Appeal by plaintiff from judgment entered 16 November 1995 and order entered 6 December 1995 by Judge Julius A. Rousseau, Jr., in Forsyth County Superior Court. Heard in the Court of Appeals 2 April 1997.

*Kennedy, Kennedy, Kennedy & Kennedy, L.L.P., by Harvey L. Kennedy and Harold L. Kennedy, III, for plaintiff-appellant.*

*Hutchins, Doughton & Moore, by Kent L. Hamrick for defendant-appellees.*

MARTIN, John C., Judge.

Plaintiff brought this action alleging that she was severely and permanently injured in a motor vehicle collision caused by the negligence of defendant McGee, an employee of defendant United Parcel Service (UPS). Defendants denied negligence and alleged that the collision had resulted from negligence on the part of plaintiff's husband, the driver of the vehicle in which plaintiff was a passenger.

Briefly summarized, the evidence at trial tended to show that on 7 December 1990 plaintiff was a right side passenger in a Ford F-150 pick-up truck driven by her husband. Defendant McGee was operating a UPS truck. Both vehicles were traveling in a northerly direction on Jonestown Road in Winston-Salem, and as the Pelzer vehicle moved into a left hand turn lane and pulled next to the UPS truck, defendant McGee also moved to his left and collided with the Pelzer vehicle.

The Pelzers' pick-up truck sustained slight damage to its right front quarter panel, and the side mirror on its right door was bent inward toward the door. There was no visible damage to the UPS truck. Plaintiff complained of pain in her right shoulder and was taken by ambulance to a hospital, where she was examined and released.

Plaintiff initially sought chiropractic treatment, and was subsequently treated by Dr. Gary Poehling, an orthopedic surgeon at Bowman Gray School of Medicine. Dr. Poehling diagnosed plaintiff as suffering from reflex sympathetic dystrophy and impingement syndrome in the right shoulder, which, in his opinion, was secondary to

trauma sustained in the collision. Dr. Poehling performed subacromial decompression surgery on plaintiff's shoulder in October 1993, but plaintiff continues to suffer reflex sympathetic dystrophy.

Plaintiff also offered evidence tending to show that she has suffered from severe depression due to her injury, has twice attempted suicide, and has undergone psychiatric and psychological treatment. She offered medical opinion testimony that she is unable to work because of her physical and psychological disabilities. Plaintiff's medical bills exceeded $37,000.00 and she has lost earnings since the accident in the amount of nearly $100,000.00.

Other evidence tended to show, however, that functional capacity evaluations of plaintiff performed in 1991 and 1995 showed inappropriate illness behavior, movement patterns which were inconsistent with plaintiff's complaints of pain, symptom exaggeration, and capacity to engage in light-medium work. Plaintiff admitted that she had been involved in at least eight other motor vehicle collisions, before and after the one at issue in this case, and that she had sustained injuries in those collisions, including an injury to her right shoulder in a 1993 accident. Dr. Poehling attributed a portion of her disability to that accident. In addition, plaintiff sustained an injury to her right ankle in a fall down some steps sometime prior to the accident at issue here, and fell on her right shoulder at a fast food restaurant in August 1991. There was evidence tending to show that plaintiff had a history of anxiety before this accident, had a history of marital and parent-child problems which pre-existed this accident, and had attempted suicide at age nineteen.

The jury found that plaintiff had been injured by defendants' negligence and awarded her damages in the amount of $9,000.00. Plaintiff's motion, pursuant to G.S. § 1A-1, Rule 59, for a partial new trial on the issue of damages was denied. Plaintiff appeals from the judgment entered on the verdict and from the order denying her motion for a partial new trial.

I.

[1] Plaintiff sought to qualify Douglas Bradbury as an accident reconstruction expert and to elicit opinion testimony from him "as to whether [defendant] McGee violated those standards of care that govern travel by motor vehicles on public vehicular roads" and as to whether the manner in which the accident occurred would be consistent with the type and severity of the injuries sustained by plaintiff.

**PELZER v. UNITED PARCEL SERVICE**

[126 N.C. App. 305 (1997)]

After a *voir dire* examination, the trial court declined to admit Mr. Bradbury's opinion testimony into evidence, and plaintiff assigns error.

G.S. § 8C-1, Rule 702(a) provides: "[i]f scientific, technical or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion." Opinion testimony is not objectionable because it embraces an ultimate issue of fact to be determined by the jury. N.C. Gen. Stat. § 8C-1, Rule 704. However, an expert may generally not testify that a certain legal standard has or has not been met, *Hajmm Co. v. House of Raeford Farms*, 328 N.C. 578, 403 S.E.2d 483 (1991), and "it is not error for a trial court to refuse to admit expert testimony embracing a legal conclusion that the expert is not qualified to make." *State v. Weeks*, 322 N.C. 152, 164, 367 S.E.2d 895, 903 (1988). The decision as to whether the witness possesses the requisite qualifications, and is in a better position than the jury to have an opinion on the matter so as to help the jury understand the evidence or determine the issue, is within the sound discretion of the trial court and will not be reversed by the appellate court unless there is a complete lack of evidence to support it. *Griffith v. McCall*, 114 N.C. App. 190, 441 S.E.2d 570 (1994).

In this case, though Mr. Bradbury is not a certified accident reconstructionist, he is a licensed professional engineer in South Carolina, taught at Clemson University for more than forty years, and has testified as an accident reconstruction witness in other cases. However, the evidence upon *voir dire* established, and the trial court found, that Mr. Bradbury first visited the scene of the accident nearly five years after it occurred and after the configuration of the roadway had been changed. He had never seen either of the vehicles involved in the accident and, in fact, had been provided conflicting information as to the type of UPS truck driven by defendant McGee. He took no measurements and had seen no photographs of the scene as it existed on the date of the accident. He testified that his understanding of how the accident occurred was based solely upon the investigating officer's report.

Mr. Bradbury's opinion that plaintiff's injuries were consistent with the manner in which the accident occurred was based upon the transfer of kinetic energy from the UPS truck to the Pelzer pick-up truck at the time of the collision, causing plaintiff to be thrown

against the inside of the truck and to sustain the severe injuries which she claimed. However, he made no calculations as to the velocities of either vehicle prior to or at the time of the collision, and had made no calculations to determine the amount of kinetic energy involved in the collision. Moreover, though he testified that he had reviewed plaintiff's medical records and that, in his opinion, her injuries were consistent with this type of collision, he admitted that he has had no medical training. We agree with the trial court that the evidence does not establish that Mr. Bradbury was qualified to testify as to the opinions which plaintiff sought to elicit from him. Therefore, Mr. Bradbury's opinion testimony would not have been of assistance to the jury in understanding the evidence and was excluded.

## II.

[2] Next, plaintiff contends the trial court erroneously permitted defendant's counsel to cross-examine her with respect to crimes or acts of misconduct committed by her children. During her direct examination, plaintiff testified at length about her depression, all of which she related to the injuries which she sustained in this accident, denying any depression prior thereto. Plaintiff testified that she had been referred to Dr. Carol Richardson, a psychiatrist, for treatment for her depression after having attempted suicide, and that she had told Dr. Richardson that she was depressed due to her constant pain and because of her unhappiness at being unable to function as a wife and mother as she had before the accident. On cross-examination, defendant was permitted, over objection, to inquire as to whether plaintiff had told Dr. Richardson that one of her children had a drug problem, that one of her sons had stolen a gun, and that one of her sons had gotten young women pregnant. She argues the cross-examination was prohibited by G.S. § 8C-1, Rules 404 and 608(b) and by our opinion in *Johnson v. Amethyst Corp.*, 120 N.C. App. 529, 463 S.E.2d 397 (1995). We reject her argument.

The cross-examination of plaintiff with respect to acts of wrongdoing on the part of her children does not run afoul of Rule 608(b); the rule prohibits the use of specific instances of misconduct of *the witness* as proof of credibility or the lack thereof. Nor was the evidence of these wrongful acts on the part of plaintiff's children offered to prove any person's character, so as to violate Rule 404(b). However, by testifying that all of her depression flowed from the injuries sustained in this accident, plaintiff made relevant other

factors bearing upon her mental health. "A witness may be cross-examined on any matter relevant to any issue in the case, including credibility." N.C. Gen. Stat. § 8C-1, Rule 611(b). Defendant was properly permitted to cross-examine plaintiff about other factors in her life which had a bearing upon her mental state. The trial court properly limited the jury's consideration of the inquiry to the issue of whether these other factors may have caused or contributed to plaintiff's alleged depression. This assignment of error is overruled.

## III.

[3] Plaintiff's final contention is that the trial court erred in denying her motion, pursuant to G.S. § 1A-1, Rule 59, for a partial new trial on the issue of damages. Plaintiff argues that the damages awarded were inadequate as a matter of law because the amount awarded was less than plaintiff's past medical expenses, and did not include compensation for permanent disability, past and future pain and suffering, past and future loss of earnings, and future medical expenses.

A motion for a new trial on the grounds of inadequate damages is addressed to the sound discretion of the trial court, and "[a]ppellate review 'is strictly limited to a determination of whether the record affirmatively demonstrates a manifest abuse of discretion by the trial judge.' . . . '[A]n appellate court should not disturb a discretionary Rule 59 order unless it is reasonably convinced by the cold record that the trial judge's ruling probably amounted to a substantial miscarriage of justice.' " *Anderson v. Hollifield*, 345 N.C. 480, ——, 480 S.E.2d 661, 663 (1997), *quoting Worthington v. Bynum*, 305 N.C. 478, 290 S.E.2d 599 (1982).

Where there is no stipulation as to damages, the testimony of the witnesses as to the nature of the plaintiff's injuries and the extent of her damages is simply evidence in the case to be considered by the jury. *Smith v. Beasley*, 298 N.C. 798, 259 S.E.2d 907 (1979).

It is the function of the jury alone to weigh the evidence, determine the credibility of the witnesses and the probative force to be given their testimony, and determine what the evidence proves or fails to prove. In weighing the credibility of the testimony, the jury has the right to believe any part or none of it.

*Id.* at 801, 259 S.E.2d at 909 (citations omitted).

In this case there was no stipulation as to any element of plaintiff's injury or damages. Thus, it was for the jury to determine the

extent of plaintiff's injuries and the amount of her damages. In so doing, the jury was faced with medical evidence which was in many respects conflicting and unfavorable to plaintiff. For example, there was evidence tending to show that plaintiff exaggerated her symptoms, was capable of activities which she had claimed she was unable to do, that her movement patterns did not correlate with her complaints of pain, that she was attempting to control the test results, and that she had the functional capacity to work. In addition, there was evidence that she had been involved in several other accidents both before and after the one at issue here, and that she had sustained injuries in some of those accidents, including injury to the same shoulder. Finally, there was evidence that the depression which she attributed to the injuries sustained in this accident had, in fact pre-existed the accident. The jury was presented with all of the evidence, both favorable and unfavorable to plaintiff's position, was properly instructed as to the law, and reached a decision as to the damages sustained by plaintiff as a proximate result of defendants' negligence. The record contains no suggestion that the verdict was reached under the influence of passion or prejudice. Thus, we cannot say that the trial judge abused his discretion in denying plaintiff's motion to set aside the verdict and order a new trial on the issue of damages.

No error.

Judges COZORT and McGEE concur.