FRANKLIN WARREN v. GENERAL MOTORS CORPORATION, HENRY CLIFTON BALDWIN, INDIVIDUALLY, AND LINDA HAYWORTH HYATT, INDIVIDUALLY

No. COA00-155

(Filed 20 February 2001)

**1. Insurance— automobile—unnamed UIM insurer—right to participate in trial**

The trial court did not err in a negligence case arising out of an automobile accident by permitting the unnamed UIM insurance company to participate in the trial when the insurance company had earlier said it would not participate in the pretrial conference or trial, because: (1) N.C.G.S. § 20-279.21(b)(4) provides that a UIM insurer has the right to participate in a trial without being named if application is made and approved by the presiding judge; (2) the insurance company's counsel filed a notice of appearance which the trial court recognized; and (3) even though N.C.G.S. § 1A-1, Rule 16 precludes a party from participating in a trial if that party elects not to participate in the pretrial conference, there is no evidence the insurance company failed to participate in the pretrial conference.

**2. Pleadings— amendment to answer—no prejudicial error**

The trial court did not abuse its discretion in a negligence case arising out of an automobile accident by allowing the unnamed UIM insurance company and defendant driver to amend

**WARREN v. GEN. MOTORS CORP.**

[142 N.C. App. 316 (2001)]

their answers on the first day of trial, because there was no prejudicial error when the jury found for plaintiff on those issues.

**3. Evidence— automobile accident—unnamed insurance company's original answer**

The trial court did not abuse its discretion in a negligence case arising out of an automobile accident by refusing to permit plaintiff to offer the unnamed UIM insurance company's original answer as evidence in the case, because: (1) the trial court found the probative value of the answers were substantially outweighed by the danger of prejudice under N.C.G.S. § 8C-1, Rule 403; and (2) it is generally not permissible in negligence cases to introduce evidence of liability insurance or to make any reference of its existence in the presence of the jury.

**4. Evidence— automobile accident—loss of services—expert testimony not required**

The trial court did not abuse its discretion in a negligence case arising out of an automobile accident by refusing to permit plaintiff to offer evidence of loss of his own services through the testimony of an expert witness under N.C.G.S. § 8C-1, Rule 702(a), because the jury was capable of rendering a decision on the value of a person's services to himself based on common knowledge.

**5. Damages and Remedies— motion for new trial—alleged low amount—controverted damages**

The trial court did not abuse its discretion in a negligence case arising out of an automobile accident by refusing to grant a new trial under N.C.G.S. § 1A-1, Rule 59(a)(6) when the jury award was allegedly low, because: (1) plaintiff's damages were contested by two defendants; and (2) plaintiff's own witness testified that many of plaintiff's injuries did not result from the accident at issue.

Appeal by plaintiff from judgment entered on 28 May 1999 by Judge Mark E. Klass in Guilford County Superior Court. Heard in the Court of Appeals 11 January 2001.

*Twiggs, Abrams, Strickland & Trehy, by Douglas B. Abrams for plaintiff-appellant.*

*Teague, Rotenstreich & Stanaland, by Stephen G. Teague for defendant-appellee Hyatt.*

*Burton & Sue, by Walter K. Burton and James D. Secor, III for
unnamed defendant-appellee Allstate.*

THOMAS, Judge.

Plaintiff appeals from a jury verdict of $6,000.00 in a personal
injury action and sets forth six assignments of error. For reasons dis-
cussed herein, we hold the trial court committed no error.

The facts surrounding the car accident are not in dispute.
Plaintiff was driving south on Randleman Road in Guilford County
when the rear of his vehicle was struck by a vehicle operated by
defendant Henry Baldwin. Baldwin's vehicle was then struck by a
vehicle driven by defendant Linda Hyatt. Plaintiff brought suit against
both Baldwin and Hyatt alleging multiple injuries. Initially, Hyatt
denied liability in her answer to plaintiff's complaint while unnamed
defendant Allstate (the underinsured motorist insurer) admitted lia-
bility. Just before trial began, plaintiff reached a settlement with
Baldwin. Allstate then amended its answer to deny negligence and
Hyatt amended her answer to allege contributory negligence against
plaintiff. The case went to trial during the week of 26 April 1999 and
the jury returned a verdict for plaintiff in the amount of $6,000.00.
Plaintiff filed a motion for a new trial, which was denied. Plaintiff
filed notice of appeal on 24 June 1999.

[1] By plaintiff's first assignment of error, he argues the trial court
erred in permitting Allstate to participate in the trial when it earlier
had said it would not participate in the pre-trial conference or trial.
We disagree.

By statute, a UIM insurer has the right to participate in a trial
without being named if application is made and approved by the pre-
siding trial judge. N.C. Gen. Stat. § 20-279.21(b)(4) (1999). Allstate's
counsel filed a notice of appearance on 27 April 1999, which the court
recognized in an order *in limine* filed on 28 April 1999. Plaintiff
argues the North Carolina Rules of Civil Procedure preclude a party
from participating in a trial if that party elects not to participate in
the pre-trial conference. N.C. Rules of Civ. Proc., Rule 16 (1999).
However, there is no evidence Allstate failed to participate in the pre-
trial conference. There is evidence the pre-trial conference actually
occurred after Walter Burton appeared before the court as counsel
for Allstate. Thus, this assignment of error is rejected.

WARREN v. GEN. MOTORS CORP.

[142 N.C. App. 316 (2001)]

**[2]** By plaintiff's second and third assignments of error, he argues the trial court committed reversible error in allowing Allstate and Hyatt to amend their answers on the first day of trial. We disagree.

A motion to amend pleadings is addressed to the sound discretion of the trial court; the trial court's ruling is not reviewable absent a showing of an abuse of discretion. *Haas v. Kelso*, 76 N.C.App. 77, 80, 331 S.E.2d 759, 761 (1985); *see also* N.C. Gen. Stat. § 1A-1, Rule 15 (1999). "An abuse of discretion occurs when the trial court's ruling 'is so arbitrary that it could not have been the result of a reasoned decision.'" *Chicora Country Club, Inc. v. Town of Erwin*, 128 N.C.App. 101, 109, 493 S.E.2d 797, 802 (1997), *disc. review denied*, 347 N.C. 670, 500 S.E.2d 84 (1998) (quoting *White v. White*, 312 N.C. 770, 777, 324 S.E.2d 829, 833 (1985)). No abuse of discretion has been shown.

Additionally, reversible error occurs when the defendant shows that but for the error a different result would have been reached. N.C. Gen. Stat. § 15A-1443(a) (1999). The jury found for plaintiff on those issues. By prevailing, even if there were error, and we conclude there was not, it was not prejudicial and is rendered moot.

**[3]** By plaintiff's fourth assignment of error, he argues the trial court erred in refusing to permit plaintiff to offer Allstate's original answer as evidence in the case. We disagree.

The trial court denied plaintiff's motion *in limine*, which sought to offer both the original and amended answers into evidence. A motion *in limine* seeks pretrial determination of the admissibility of evidence proposed to be introduced at trial; its determination will not be reversed absent a showing of an abuse of the trial court's discretion. *Nunnery v. Baucom*, 135 N.C.App. 556, 521 S.E.2d 479 (1999). The trial judge found the probative value of the answers was substantially outweighed by the danger of prejudice and confusion of the issues by the jury, pursuant to Rule 403 of the N.C. Rules of Evidence. Moreover, in negligence cases, it is not generally permissible to introduce evidence of liability insurance or to make any reference of its existence in the presence of the jury. *Carolina Timber Management Co. v. Bell*, 21 N.C.App. 143, 203 S.E.2d 339, *cert. denied*, 285 N.C. 376, 205 S.E.2d 97 (1974). As with assignments of error three and four, plaintiff prevailed on those issues at trial. Thus, there is no prejudicial error.

**[4]** By plaintiff's fifth assignment of error, he argues the trial court erred in refusing to permit plaintiff to offer evidence of loss of services to himself. We disagree.

Plaintiff attempted to use an economist as his expert witness to show the value of the plaintiff's loss of his own services. An expert witness is qualified to testify if "scientific, technical or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue[.]" N.C. Gen. Stat. § 8C-1, Rule 702(a) (1999); *State v. Jones*, 337 N.C. 198, 209, 446 S.E.2d 32, 39 (1994). The trial court correctly concluded the jury was capable of rendering a decision on the value of a person's services to himself because such is a matter of common knowledge. No abuse of the trial court's discretion has been shown and, accordingly, we find no error.

**[5]** By plaintiff's sixth and final assignment of error, he argues the trial court erred in refusing to grant a new trial because the jury award was improperly low. We disagree.

The relevant statute provides that a new trial may be granted due to "[e]xcessive or inadequate damages appearing to have been given under the influence of passion or prejudice[.]" N.C. Gen. Stat. § 1A-1, Rule 59(a)(6) (1999). "A motion for a new trial on the grounds of inadequate damages is addressed to the sound discretion of the trial court[.]" *Estate of Smith v. Underwood*, 127 N.C.App. 1, 12, 487 S.E.2d 807, 814, *disc. review denied*, 347 N.C. 398, 494 S.E.2d 410 (1997) (quoting *Pelzer v. United Parcel Service*, 126 N.C.App. 305, 484 S.E.2d 849, 853, *disc. review denied*, 346 N.C. 549, 488 S.E.2d 808 (1997)). The plaintiff relies on *Robertson v. Stanley*, 285 N.C. 561, 206 S.E.2d 190 (1971), which held that uncontroverted damages cannot be arbitrarily ignored by the jury. However, in the instant case, plaintiff's damages were contested by defendants Hyatt and Allstate. Plaintiff's own witness, Dr. Arthur Carter, testified that many of plaintiff's injuries did not result from the accident at issue. Plaintiff has not shown an abuse of the trial court's discretion; thus the assignment of error is rejected.

For the reasons stated herein, we find no error.

NO ERROR.

Judges MARTIN and TIMMONS-GOODSON concur.