STATE OF NORTH CAROLINA
v.
ANTHONY BERNARD REID.
No. COA08-575
Court of Appeals of North Carolina
Filed February 17, 2009
This case not for publication
Attorney General Roy Cooper, by Assistant Attorney General David D. Lennon, for the State.
Reita P. Pendry for defendant-appellant.
BRYANT, Judge.
Defendant appeals from a judgment and commitment entered on 16 January 2008 in Forsyth County Superior Court after a jury found defendant guilty of possession of cocaine with intent to sell or deliver, and defendant pled guilty to attaining habitual felon status.
Officer D.J. Hege of the Winston-Salem Police Department was on patrol in the area of Woodland Avenue and 14th Street in Winston-Salem on 3 May 2006. While traveling south on Liberty Street he observed a blue Ford Probe traveling in front of him. When the vehicle turned onto 14th Street, Officer Hege was able to identify defendant as the driver. Based upon previous encounters, Officer Hege knew defendant's drivers license had been revoked and, at that point, initiated a traffic stop.
When Officer Hege approached the vehicle, defendant's hands were trembling, he "was very avoiding. Wouldn't want to make eye contact with me. He was extremely nervous." Defendant's actions were in marked contrast to his previous interactions with Officer Hege, and Officer Hege believed defendant's heart was beating vigorously.
Officer Hege requested that defendant step out of the vehicle and consent to a search of his person. Defendant complied and gave his consent. Finding nothing, Officer Hege asked if he could search defendant's vehicle. Again, defendant consented. While Officer Hege searched, defendant leaned against a nearby fence. When Officer Hege lifted a pillow from the driver's seat, he found an "off-white type hard chunk substance which [he had] dealt with numerous times in the past." An SBI lab report later determined that it weighed 1.3 grams and was a cocaine base Schedule II controlled substance.
When Officer Hege looked up, after lifting the pillow, he observed defendant jumping the fence and running. At that moment, Corporal L.S. Wright drove up with a trainee. Officer Hege and the trainee chased defendant nearly three hundred yards before they made an arrest.
At trial, as Officer Hege began to testify to his prior surveillance experience of suspected drug activity, defendant objected and requested to be heard outside the presence of the jury. The State informed the trial court that it was attempting to "lay a foundation about [Officer Hege's] experience in how drugs are sold on the street going towards the weight." The trial court told the State it could ask a general question, such as:
Court: [A]re you familiar with or what does the weight indicate or something like that . . . .
. . .
Is that satisfactory, [asking defense counsel]?
Defense: Yes.
On voir dire, the trial court instructed the State to ask Officer Hege the question he intended to pose before the jury.
State: Officer Hege, do you have an opinion based on your training and experience as to the significance of the weight located with this controlled substance?
Hege: Yes, I do.
State: And what would be your opinion?
Hege: My opinion would be that the amount that was seized from [defendant's] car was in excess of user amount, due to the fact that typically a rock of cocaine, one user amount, is typically a little bit more than one point, a tenth of a gram. (Peruses documents)  in this instance, I seized [one point three grams] . . . which constitutes more than user amount.
. . .
Court: [Defense] any problem with that question?
Defense: No.
Before the jury, Officer Hege testified as follows: State: Officer Hege, based upon your training and experience, both in the classroom and in the field with the Winston-Salem Police Department, do you have an opinion as to the significance of the weight of the contraband that you seized from the vehicle that this defendant was driving on May the 3rd, 2006?
. . .
Hege: My opinion is that the amount of crack cocaine that was seized, the weight of it, constituted more than user amount. It constituted that he was, indeed, attempting to sell it due to the fact that one rock, one use dosage of crack cocaine typically weighs point one, a tenth of a gram; in this instance, I had one point three grams, which constituted close to 13 rocks, 13 dosage units of crack cocaine, which is more than user amount.
Further, Officer Hege testified he was familiar with how crack cocaine was ingested into the body and had found no implements or paraphernalia on defendant's person or inside the car to aid in ingesting crack cocaine. Defendant did not object to this testimony.
The State next called Corporal Wright also of the Winston-Salem Police Department.
State: [Corporal Wright] [i]n your training and experience, are you familiar with the weight of a rock of cocaine that's sold on the street?
Wright: Yes, I am.
Defense: Objection.
Court: Overruled.
State: And what, in your opinion, is the average weight of one rock as it's sold on the street?
Wright: In my opinion, it's less that a gram  maybe a 10th of a gram; depending on the quality of the substance we're talking about.
State: And are you familiar, with your training and experience within the Winston-Salem Police Department, as to how much those individual rocks of crack cocaine sold for on the street back in May of 2006?
Wright: They usually have a monetary value of 20 dollars.
Defendant called one witness, his brother  Christopher Reid. Christopher testified that in May 2006 he had been working on the vehicle defendant was driving and that he left the cocaine in the car on the passenger seat. On cross-examination, Christopher testified that he knew his brother had been arrested on 3 May 2006 and charged with possession of cocaine, but he did not notify the police or the District Attorney's office that the drugs were his.
The jury found defendant guilty of possession with intent to sell or deliver cocaine. Following the jury verdict, defendant pled guilty to being an habitual felon. Defendant gave notice of appeal.
On appeal, defendant presents four questions: (I) whether the trial court committed plain error in permitting Officer Hege to testify about matters beyond his expertise and which invaded the province of the jury; (II) whether the trial court erred in allowing Corporal Wright to testify to the amount of cocaine a user would ingest and its street value; (III) whether the trial court committed plain error in permitting the State to cross-examine Christopher Reid about his cocaine possession; and (IV) whether the trial court committed plain error in calculating defendant's prior record level.

I
Defendant argues the trial court committed plain error in allowing Officer Hege to testify as an expert witness, and that Hege impermissibly invaded the province of the jury when he testified defendant had the intent to sell crack cocaine. We disagree.
[T]he plain error rule . . . is always to be applied cautiously and only in the exceptional case where, after reviewing the entire record, it can be said the claimed error is a fundamental error, something so basic, so prejudicial, so lacking in its elements that justice cannot have been done, or where [the error] is grave error which amounts to a denial of a fundamental right of the accused, or the error has resulted in a miscarriage of justice or in the denial to appellant of a fair trial or where the error is such as to seriously affect the fairness, integrity or public reputation of judicial proceedings or where it can be fairly said the instructional mistake had a probable impact on the jury's finding that the defendant was guilty.
State v. Cummings, 361 N.C. 438, 470, 648 S.E.2d 788, 807 (2007) (citation omitted).
We first note that Officer Hege was not tendered or accepted as an expert witness; therefore, the admission of his testimony is governed by Rule of Evidence 701, Opinion testimony by lay witness.
If the witness is not testifying as an expert, his testimony in the form of opinions or inferences is limited to those opinions or inferences which are (a) rationally based on the perception of the witness and (b) helpful to a clear understanding of his testimony or the determination of a fact in issue.
N.C. Gen. Stat. § 8C-1, Rule 701 (2007). "As long as the lay witness has a basis of personal knowledge for his opinion, the evidence is admissible." State v. Freeman, 185 N.C. App. 408, 414, 648 S.E.2d 876, 881 (2007) (citing State v. Bunch, 104 N.C. App. 106, 110, 408 S.E.2d 191, 194 (1991) (holding that an officer's testimony concerning practices of drug dealers was admissible lay opinion as it was based on personal knowledge and helpful to the jury)). Moreover, "[o]pinion testimony is not objectionable because it embraces an ultimate issue of fact to be determined by the jury." Pelzer v. UPS, 126 N.C. App. 305, 309, 484 S.E.2d 849, 851 (1997).
Here, Officer Hege testified that he had worked with the Winston-Salem Police Department for eight years during which he "worked mainly with . . . Field Services Bureau . . . . [A] year of that time, . . . [he] handled quality of life and drug offenses." When asked, based on his training and experience both in the classroom and in the field, whether he had an opinion as to the significance of the weight of the contraband in defendant's vehicle and if so what was that opinion, Officer Hege responded without objection as follows:
Hege: My opinion is that the amount of crack cocaine that was seized, the weight of it, constituted more than user amount. It constituted that he was, indeed, attempting to sell it due to the fact that one rock, one use dosage of crack cocaine typically weighs point one, a tenth of a gram; in this instance, I had one point three grams, which constituted close to 13 rocks, 13 dosage units of crack cocaine, which is more than user amount.
We hold Officer Hege's testimony was properly admitted and, accordingly, overrule defendant's assignment of error.

II
Defendant next argues the trial court erred in permitting Corporal Wright to testify as an expert witness. Defendant argues that Corporal Wright was neither qualified as an expert nor shown to be qualified to render an opinion regarding the use of crack cocaine. We hold the error harmless.
Initially, we note that Corporal Wright was neither tendered as nor did he testify as an expert witness; therefore, the admissibility of his testimony is governed by Rule 701, supra.
Defendant objected to the State's question to Corporal Wright asking whether he was "in [his] training and experience, familiar with the weight of a rock of cocaine that's sold on the street"; however, defendant did not object to the State's subsequent question regarding "how much those individual rocks of crack cocaine sold for on the street back in May of 2006." Therefore, defendant's assignment of error as to the first question concerning "the average weight of one rock [of cocaine]" is preserved under an abuse of discretion standard. See State v. Washington, 141 N.C. App. 354, 362, 540 S.E.2d 388, 395 (2000) (holding the admission of lay or expert witness opinion testimony is reviewed for abuse of discretion).
However, defendant's assignment of error concerning the second question "are you familiar, with your training and experience . . ., as to how much those individual rocks of crack cocaine sold for[?]" is dismissed as defendant did not object at trial and failed to assign or argue plain error on appeal. See State v. Goss, 361 N.C. 610, 622, 651 S.E.2d 867, 874-75 (2007) (holding defendant's assignment of error was dismissed where defendant failed "to timely object at trial" and "also failed to assign plain error to the trial court's order").
We now turn our attention to the State's examination of Corporal Wright concerning the "weight of a rock of cocaine." Defendant argues the State failed to establish that Corporal Wright had the necessary personal knowledge, training, and experience with cocaine to serve as a basis for his opinion; therefore, his testimony regarding the "weight of a rock of cocaine" was improper and prejudicial to defendant.
"The test for abuse of discretion is whether the trial court's ruling was manifestly unsupported by reason or was so arbitrary that it could not have been the result of a reasoned decision." State v. Chapman, 359 N.C. 328, 348-49, 611 S.E.2d 794, 811 (2005) (citation, internal quotations, and brackets omitted).
Corporal Wright gave the following testimony:
State: [Corporal Wright] [i]n your training and experience, are you familiar with the weight of a rock of cocaine that's sold on the street?
Wright: Yes, I am.
Defense: Objection.
Court: Overruled.
State: And what, in your opinion, is the average weight of one rock as it's sold on the street?
Wright: In my opinion, it's less that a gram  maybe a 10th of a gram; depending on the quality of the substance we're talking about.
Corporal Wright previously testified that he had worked with the police department for eleven years. Absent a showing that Corporal Wright had training, personal knowledge, and experience in drug transactions, it was error to admit over objection his testimony with regard to "the weight of a rock of cocaine that's sold on the street[.]" However, we also note that prior to Corporal Wright's testimony Officer Hege testified without objection that "typically a rock of cocaine, one user amount, is typically a little bit more than one point, a tenth of a gram." And, no evidence to the contrary was admitted.
Therefore, we hold the admission of Corporal Wright's testimony with regard to "the weight of a rock of cocaine" amounted to harmless error.See State v. Call, 353 N.C. 400, 428, 545 S.E.2d 190, 208 (2001) (citation omitted) ("Where evidence is admitted over objection and the same evidence has been previously admitted or is later admitted without objection, the benefit of the objection is lost."). Accordingly, defendant's assignment of error is harmless error.

III
Next, defendant argues that the trial court committed plain error in permitting the State to cross-examine Christopher Reid, defendant's brother, about matters protected by the Fifth Amendment to the United States Constitution. Defendant attempts to challenge the State's right to cross-examine Christopher regarding his direct testimony that the drugs found in defendant's car belonged to Christopher. We note for the record that Christopher was advised of his Fifth Amendment rights against self incrimination and waived those rights prior to his testimony. Moreover, defendant does not have standing to assert Christopher's constitutional Fifth Amendment rights. See State v. Lipford, 81 N.C. App. 464, 467, 344 S.E.2d 307, 310 (1986) (citations omitted) (holding defendant has no standing to argue the inadmissibility of the statement on the ground that a co-defendant's Fifth Amendment constitutional rights were violated as such rights "are personal and may not be vicariously asserted."). Accordingly, defendant's assignment of error is dismissed.

IV
Last, defendant argues that the trial court committed plain error in its calculation of defendant's prior record level for sentencing purposes. We disagree.
In State v. Alexander, 359 N.C. 824, 616 S.E.2d 914 (2005), our Supreme Court considered whether a sentence imposed by a trial court was properly calculated. Id. at 824, 616 S.E.2d at 915. In its reasoning, the Court considered whether the defendant stipulated to the prior record level. Id. at 827-28, 616 S.E.2d at 917. "While a stipulation need not follow any particular form, its terms must be definite and certain in order to afford a basis for judicial decision, and it is essential that they be assented to by the parties or those representing them. Silence, under some circumstances, may be deemed assent . . . ." Id. at 828, 616 S.E.2d at 917. The Court reasoned that where the defendant through counsel drew the trial court's attention to the prior record level worksheet and indicated that the defendant had no objections to it, the defendant implicitly stipulated to the prior record level. Id. at 830, 616 S.E.2d at 918. Additionally, the defendant had entered into a plea agreement with the State to plead guilty in exchange for a particular sentence range. Id. at 830, 616 S.E.2d at 918-19 Therefore, the Court held, the trial court's sentence, based upon the stipulation, was proper. Id. at 832, 616 S.E.2d at 919.
Here, after a jury found defendant guilty of possession of cocaine with intent to sell or distribute, defendant pled guilty to the charge of attaining habitual felon status. Before accepting defendant's plea, the trial court discussed defendant's prior record. The State argued that "after the predicate felonies have been removed, [defendant was] a level 5 with 16 prior points."[1] Defense counsel argued before the trial court that defendant "hasn't had a felony in a number of years" and "many of the misdemeanors are driving related." Furthermore, defense counsel stated, "[h]e's a level 5, in large part, due to his misdemeanor record . . . ."
We hold that defendant, through counsel, stipulated to his prior record level and that the sentence imposed pursuant to that record was proper. See N.C. Gen. Stat. § 15A-1340.17(c) (2007) (punishments for each class of offense and prior record level). Accordingly, defendant's assignment of error is overruled.
No error in part; harmless error in part; and dismissed in part.
Judges McGEE and GEER concur.
Report per Rule 30(e).
NOTES
[1] Under N.C. Gen. Stat. § 15A-1340.14(c)(5) (2007), for sentencing purposes, a person has a prior record level V where the person has "[a]t least 15, but not more than 18 points."