BETTY ROUSE SMITH v. MYRTLE TEW BEASLEY AND DURAL LEE FISH

No. 83

(Filed 4 December 1979)

**Automobiles § 91.5; Trial § 52.1— alleged inadequate damages—refusal to set aside verdict**

> In an action to recover for injuries suffered by plaintiff in an automobile accident where plaintiff offered evidence that her out-of-pocket expenses exceeded $3800 and where defendant offered no evidence, the trial court did not err in denying plaintiff's motion to set aside the jury verdict of $3350 as an inadequate award of damages, and there was no merit to plaintiff's contention that, because defendant offered no evidence, her evidence was uncontradicted and should be treated as a stipulation, since the testimony of plaintiff's witnesses was mere evidence to be considered, weighed, and believed or not believed by the jury.

> Justices BROCK and CARLTON took no part in the consideration or decision of this case.

APPEAL by plaintiff pursuant to G.S. 7A-30(2) from a decision of the Court of Appeals reported in 41 N.C. App. 741 (1979), which found no error in the trial before *Preston, J.,* at the 13 March 1978 Session of WAKE Superior Court.

Plaintiff instituted this action seeking to recover damages for a back injury sustained by her as a result of a collision on 13 October 1975 between her automobile and an automobile operated by defendant Beasley and owned by defendant Fish. The circumstances surrounding the collision are fully set out in the decision of the Court of Appeals.

Plaintiff's evidence pertinent to decision of this appeal tended to show that prior to the collision which allegedly caused her personal injuries, she engaged in such activities as bowling, camping and motorcycling; that she had never had back pain prior to the accident; that shortly after the accident, she had a severe

pain in her back for which she was treated by an orthopedic surgeon; that since the accident, she has been unable to engage in many of her former activities. However, Dr. Nelson, the physician who treated plaintiff following the accident, testified that an X-ray "showed residual difficulty from a previous myelogram, which according to the report, was done for low back pain." He further noted that she had related to him "a history of prior low back pain, and this is what the myelogram was for." Dr. Nelson testified that his examination of plaintiff revealed some spasm of the muscles along her spine, but that he rated the spasm a 1 +, which is the minimal degree of spasm on a scale of 1 + to 4 +. In his opinion, plaintiff suffered no permanent disability. Plaintiff's evidence further tended to show that her out-of-pocket expenses, including lost salary in the amount of $3,040 and medical bills in the sum of $387, exceeded $3,800.

Although plaintiff claimed loss of salary from October until she returned to work in mid-March, her evidence tended to show that the doctor certified her as being able to return to work on 20 February 1976.

Defendant offered no evidence at trial. At the conclusion of plaintiff's evidence, the court submitted to the jury and the jury answered issues as follows:

1. Was the plaintiff injured as a result of the negligence of the defendant Beasley?

Answer: Yes

2. What are the damages suffered by the plaintiff as a result of the negligence of the defendant Beasley?

Answer: $3,350.00.

The plaintiff moved to set the verdict aside because of inadequate damages and thereafter moved pursuant to G.S. 1A-1, Rule 59(a), for a new trial on the ground that the jury manifestly disregarded the instructions of the court. Both motions were denied, and plaintiff appealed from judgment entered upon the jury verdict.

The Court of Appeals, in an opinion by Judge Vaughn, Judge Carlton concurring, found no error. Judge Clark dissented.

*Young, Moore, Henderson & Alvis by George M. Teague for defendant appellees.*

*Brenton D. Adams for plaintiff appellant.*

BRANCH, Chief Justice.

The principal question presented by this appeal is whether the trial judge erred in denying plaintiff's motion to set aside the verdict because of an inadequate award of damages. Plaintiff contends that since defendant offered no evidence, her evidence was uncontradicted and should be treated as a stipulation. She argues that since the jury awarded less than that amount, it ignored plaintiff's evidence and the court's instructions regarding pain and suffering.

In support of her position, plaintiff relies heavily upon the case of *Robertson v. Stanley*, 285 N.C. 561, 206 S.E. 2d 190 (1974). In *Robertson* the minor plaintiff and his father sued the defendant for damages resulting from defendant's alleged negligence. The minor plaintiff sought to recover for personal injuries, and the father sought recovery for medical expenditures incurred by reason of his son's personal injury. The medical expenses were *stipulated* to be in the amount of $1,970. The jury answered the issues of negligence in favor of the plaintiffs and awarded $1,970 to the father and nothing to the minor plaintiff. Plaintiff's motion for a new trial was denied by the trial court, and the Court of Appeals found no error in the trial. We reversed the Court of Appeals, holding that the jury arbitrarily ignored the minor plaintiff's proof of pain and suffering. In so holding, we stated, "If the minor plaintiff was entitled to a verdict against defendant by reason of personal injuries resulting from defendant's negligence then the minor plaintiff was entitled to all damages that the law provides in such case."

The majority in the Court of Appeals held that the case *sub judice* and *Robertson* were distinguishable. We agree.

A stipulation is an agreement between the parties establishing a particular fact in controversy. The effect of a stipulation is to eliminate the necessity of submitting that issue of fact to the jury. *Rural Plumbing & Heating, Inc. v. H. C. Jones Construction Co.*, 268 N.C. 23, 149 S.E. 2d 625 (1966). Where facts are stipulated, they are deemed established as fully as if deter-

Smith v. Beasley

mined by jury verdict. *Moore v. Humphrey*, 247 N.C. 423, 101 S.E. 2d 460 (1958). A stipulated fact is not for the consideration of the jury, and the jury may not decide such fact contrary to the parties' stipulation. *Inloes v. American Exchange Bank*, 11 Md. 173 (1857).

Here there was no stipulation removing any element of damages from the consideration of the jury. The testimony of plaintiff's witnesses remained mere evidence in this case to be considered by the jury. It is the function of the jury alone to weigh the evidence, determine the credibility of the witnesses and the probative force to be given their testimony, and determine what the evidence proves or fails to prove. *Koury v. Follo*, 272 N.C. 366, 158 S.E. 2d 548 (1968). In weighing the credibility of the testimony, the jury has the right to believe any part or none of it. *Brown v. Brown*, 264 N.C. 485, 141 S.E. 2d 875 (1965).

In instant case, the jury was free to believe or not believe plaintiff's evidence as to the amount of her damages and the nature of her injury. Plaintiff's own evidence was contradictory and in part unfavorable to her position. It is, therefore, conceivable that the jurors, under these circumstances, could have found nominal or minimal damages as to plaintiff's pain and suffering, believed the evidence unfavorable to her as to the other elements of damage and returned their verdict accordingly.

We do not deem it necessary to discuss the remaining assignments of error. Suffice it to say that we have carefully examined each of them and find no error prejudicial to plaintiff.

The decision of the Court of Appeals is

Affirmed.

Justices BROCK and CARLTON took no part in the consideration or decision of this case.