ROBERT D. JACOBSEN, GUARDIAN AD LITEM FOR ERIC JOEL CAMPBELL, AND ANTHONY CAMPBELL, PLAINTIFF-APPELLANTS v. ARTHUR HOUSTON McMILLAN, DEFENDANT-APPELLEE/CROSS-APPELLANT

No. COA95-1273

(Filed 15 October 1996)

1. **Negligence § 95 (NCI4th); Automobiles and Other Vehicles § 433 (NCI4th)— offer of ride to child—duty of due care— failure to stop—child jumping from truck—breach of duty**

When defendant offered the seven-year-old plaintiff a ride to his grandparents' home, he voluntarily assumed the duty to exercise due care in delivering plaintiff safely to his grandparents' home. The jury could properly find that defendant breached this duty of care where plaintiff's evidence tended to show that he rode in the open bed of defendant's truck; defendant failed to

stop at the grandparents' home but maintained a constant speed as he passed the home; and plaintiff jumped from the truck as it passed the home and was injured.

**Am Jur 2d, Automobile and Highway Traffic § 572; Negligence § 144.**

**2. Damages § 113 (NCI4th)— medical expenses—mandatory presumption of reasonableness**

The rebuttable presumption of reasonableness of medical expenses established by N.C.G.S. § 8-58.1 when testimony of the amount of such expenses by the injured party or his guardian is accompanied by records or copies of those charges is a mandatory rather than a permissive presumption. Thus, when plaintiff proffers the evidence required by § 8-58.1, the fact-finder must find that the total amount of the alleged medical charges is reasonable unless defendant carries its burden of going forward with evidence rebutting the presumed fact of reasonableness.

**Am Jur 2d, Damages §§ 918 et seq.**

**3. Damages § 113 (NCI4th)— medical expenses—burden of proof**

In order to recover medical expenses, plaintiff bears the ultimate burden of proving that the claimed medical expenses were (1) reasonably necessary and (2) reasonable in amount.

**Am Jur 2d, Damages §§ 918 et seq.**

**4. Damages § 113 (NCI4th)— medical expenses—statutory presumption of reasonableness—jury finding that treatment not necessary**

The statutory presumption that medical expenses were reasonable in amount does not preclude the jury from finding that those medical expenses were not reasonably necessary for the proper treatment of plaintiff's injuries. Therefore, even though the minor plaintiff's father testified that his son's medical expenses were nearly $50,000, the medical records were admitted into evidence, and defendant failed to rebut the presumption of reasonableness, the jury did not err as a matter of law in awarding only $20,000 for medical expenses since the jury could have found that all of the treatment was not reasonably necessary.

**Am Jur 2d, Damages §§ 918 et seq.**

JACOBSEN v. McMILLAN

[124 N.C. App. 128 (1996)]

**5. Judgments § 445 (NCI4th)— relief from judgment—opportunity to move for new trial**

A party cannot seek relief from a judgment under Rule 60(b)(2) where such party had the opportunity, through the exercise of due diligence, to make a motion for a new trial pursuant to Rule 59(a)(4). N.C.G.S. § 1A-1, Rules 59(a)(4) and 60(b)(2).

**Am Jur 2d, Judgments § 820.**

Appeal by plaintiffs and defendant from judgment filed 6 April 1995 by Judge James R. Strickland in Robeson County Superior Court. Heard in the Court of Appeals 27 August 1996.

*Duffus & Associates, by J. David Duffus, Jr. and D. Christopher Hyland, for plaintiff-appellants.*

*Anderson, Johnson, Lawrence, Butler & Bock, by Steven C. Lawrence, for defendant-appellee/cross-appellant.*

MARTIN, Mark D., Judge.

On 4 November 1993 Robert Jacobsen, guardian *ad litem* for the minor child Eric Campbell (Campbell), instituted the present action to recover damages for injuries incurred when Campbell jumped from the bed of defendant's truck. By order filed 28 April 1994 the complaint was amended to add Anthony Campbell, Campbell's father, as a party plaintiff seeking recovery for medical expenses.

It is undisputed that in September 1991 Campbell was seven years old and lived at his grandparents' home in St. Pauls, North Carolina. On 7 September 1991 Campbell walked from his grandparents' house to the local convenience store to purchase tire patches for his bicycle. On his way home from the store, defendant stopped and offered Campbell a ride home. Because two passengers were already in the cab of defendant's truck, Campbell rode in the open truck bed. At a point near his home, Campbell jumped from the bed of defendant's truck and was injured. At trial, the parties stipulated to Campbell's medical records and Anthony Campbell testified the medical expenses incurred for Campbell's treatment totalled $49,820.59.

The jury returned a verdict in favor of plaintiffs and awarded Campbell $10,000 for personal injuries and Anthony Campbell $20,000 for medical expenses. On 31 March 1995 defendant made a motion for judgment notwithstanding the verdict. On 10 April 1995 plaintiffs made a motion, pursuant to N.C.R. Civ. P. 59(a), to set aside the ver-

JACOBSEN v. McMILLAN

[124 N.C. App. 128 (1996)]

dict and award a new trial. On 18 April 1995 plaintiffs moved for relief from the judgment under N.C.R. Civ. P. 60(b). The trial court, by order filed 14 September 1995, denied all post-trial motions.

On appeal plaintiffs contend the trial court erred by: (1) failing to set aside the jury verdict and grant a new trial because the present verdict is contrary to the evidence in that it awards inadequate damages; and (2) denying plaintiffs' motion for relief from judgment when a previously unknown witness came forward the night before the trial court charged the jury.

Defendant, on cross-appeal, alleges the trial court erred by denying his motions for directed verdict and judgment notwithstanding the verdict because plaintiffs failed to establish their *prima facie* case of negligence.

[1] We first consider defendant's contention that, under the present facts and circumstances, plaintiffs failed to present sufficient evidence that defendant breached a legal duty owed to Campbell.

A motion for a directed verdict and a motion for judgment notwithstanding the verdict (JNOV) both test the legal sufficiency of the evidence to go to the jury. *Everhart v. LeBrun*, 52 N.C. App. 139, 141, 277 S.E.2d 816, 818 (1981). Indeed, courts apply the same standard when considering a directed verdict motion and a motion for JNOV. *Moon v. Bostian Heights Volunteer Fire Dept.*, 97 N.C. App. 110, 111, 387 S.E.2d 225, 226 (1990).

When ruling on a motion for a directed verdict, and likewise a JNOV motion, the evidence must be taken in the light most favorable to the non-movant. *Bryant v. Nationwide Mut. Fire Ins. Co.*, 313 N.C. 362, 369, 329 S.E.2d 333, 337-338 (1985). Specifically, the trial court must grant the non-movant the benefit of every reasonable inference while also resolving all conflicts and inconsistencies in favor of the non-movant. *Id.*

In the present case, it is undisputed the defendant, an adult, offered to take Campbell, a seven-year-old child, back to his grandparents' house. The cab of defendant's truck was full and, consequently, Campbell had to ride in the bed of defendant's truck. Plaintiffs presented evidence, which must be considered true, *Bryant*, 313 N.C. at 369, 329 S.E.2d at 337, that defendant maintained a constant speed as he passed Campbell's house. While passing in front of his house, Campbell jumped from defendant's truck.

JACOBSEN v. McMILLAN

[124 N.C. App. 128 (1996)]

Defendant argues, under the above detailed facts, that he did not breach a legal duty owed to Campbell. To the contrary, defendant, by offering Campbell a ride, voluntarily assumed the duty to exercise due care in delivering Campbell safely to his grandparent's home. 57A Am. Jur. 2d *Negligence* § 112 (1989) ("one who undertakes to act, even though gratuitously, is required to act carefully and with the exercise of due care and will be liable for injuries proximately caused by failure to use such care."); 1 William S. Haynes, North Carolina Tort Law § 19-6(D) (1989) (The law imposes an obligation on everyone who attempts to do anything, even gratuitously for another, to exercise some degree of skill and care in the performance of those acts and imposes liability where the one performing the acts has done so negligently). Further, a reasonable jury could find that defendant's failure to stop at Campbell's house was a breach of defendant's duty to exercise reasonable care in transporting a minor in the back of his truck. *See Anderson v. Butler*, 284 N.C. 723, 729, 202 S.E.2d 585, 589 (1974) (higher duty of care necessary to protect young children); *Arnett v. Yeago*, 247 N.C. 356, 361, 100 S.E.2d 855, 859 (1957) ("children and particularly [] young children have . less judgment and capacity to avoid danger than adults . . . ."); *Johnson v. Clay*, 38 N.C. App. 542, 545, 248 S.E.2d 382, 384 (1978) ("law imposes a higher standard of care when one either knows or should know that one's actions pose a grave risk to the safety of [a child]") Therefore, as a jury could reasonably conclude defendant breached a duty of care he owed to Campbell, we affirm the trial court's denial of defendant's motions for directed verdict and JNOV.

Plaintiffs, in their first assignment of error, contend the trial court erred by denying their motion to set aside the verdict and award a new trial pursuant to N.C.R. Civ. P. 59(a).

[2] At the outset we note the denial of a motion to set aside the verdict is within the trial court's discretion and will not be reversed on appeal absent a showing the trial court abused that discretion. *State v. Peterson*, 337 N.C. 384, 397, 446 S.E.2d 43, 51 (1994). In the instant situation, plaintiffs argue the trial court abused its discretion in failing to grant their Rule 59 motion because of the presumption created by N.C. Gen. Stat. § 8-58.1.

Section 8-58.1 provides:

Whenever an issue of hospital, medical, dental, pharmaceutical, or funeral charges arises in any civil proceeding, the injured party or his guardian . . . is competent to give evidence regarding the

amount of such charges, provided that records or copies of such charges accompany such testimony. The testimony of such a person <u>establishes a rebuttable presumption of the reasonableness of the amount of the charges</u>.

*Id.* (1986) (emphasis added). At trial, Campbell's medical records were admitted into evidence and Anthony Campbell testified that his son's medical expenses totalled $49,820.59. Therefore, plaintiffs clearly satisfied the prerequisites of section 8-58.1 and were entitled to invoke the statutory presumption as to "the reasonableness of the amount of the [medical] charges." N.C. Gen. Stat. § 8-58.1.

By definition, a presumption is merely an evidentiary rule which requires or allows the jury to assume a fact (presumed fact) because another fact (basic fact) was proved during the trial. *See* KENNETH S. BROUN, BRANDIS & BROUN ON NORTH CAROLINA EVIDENCE § 44 (4th ed. 1993); N.C. Gen. Stat. § 8C-1, Rule 301 (1992). Thus, as the weight a finder-of-fact must accord any presumption depends on whether the presumption is conclusive, mandatory, or permissive, BRANDIS & BROUN ON NORTH CAROLINA EVIDENCE § 44, we must ascertain the nature of the medical expenses presumption.

It is axiomatic the medical expenses presumption, which is rebuttable, N.C. Gen. Stat. § 8-58.1, does not constitute a conclusive presumption. *See* BRANDIS & BROUN ON NORTH CAROLINA EVIDENCE § 44 (conclusive presumptions are not rebuttable). Indeed, relying on the plain language of section 8-58.1, *Burgess v. Your House of Raleigh*, 326 N.C. 205, 209, 388 S.E.2d 134, 136-137 (1990), we conclude the medical expenses presumption is mandatory, rather than permissive, for two reasons.

First, section 8-58.1, after a *prima facie* showing by plaintiff, "<u>establishes</u> a rebuttable presumption of the reasonableness of the amount of the [medical] charges." N.C. Gen. Stat. § 8-58.1. "Establish" means "[t]o settle, make or fix firmly; . . . put beyond doubt or dispute . . . ." BLACK'S LAW DICTIONARY 546 (6th ed. 1990). *See Wells Lamont Corporation v. Bowles*, 149 F.2d 364, 366 (Emer. Ct. App.) (establish means "to settle firmly or to fix unalterably"), *cert. denied*, 326 U.S. 730, 90 L. Ed. 434, *reh'g denied*, 326 U.S. 808, 90 L. Ed. 492 (1945). Therefore, we believe the use of "establish" in section 8-58.1 connotes a mandatory presumption rather than a permissive inference or permissive presumption. *See State v. Martin*, 7 N.C. App. 532, 533, 173 S.E.2d 47, 48 (1970) (courts may resort to dictionaries to ascertain common and ordinary meaning).

JACOBSEN v. McMILLAN

[124 N.C. App. 128 (1996)]

Second, the General Assembly expressly stated the medical expenses presumption is a "rebuttable presumption." N.C. Gen. Stat. § 8-58.1. This language would be rendered superfluous if the medical expenses presumption were categorized as a permissive presumption because, by definition, it is not necessary to rebut a permissive presumption for the trier-of-fact to disregard the presumed fact. BRANDIS & BROUN ON NORTH CAROLINA EVIDENCE § 44. Therefore, as rendering any portion of a statute superfluous clearly contravenes well settled principles of statutory construction, *State v. Coffey*, 336 N.C. 412, 417, 444 S.E.2d 431, 434 (1994), *Hall v. Simmons*, 329 N.C. 779, 784, 407 S.E.2d 816, 818-819 (1991), it naturally follows the medical expenses presumption constitutes a mandatory· presumption. *See* N.C. Gen. Stat. § 8C-1, Rule 301 commentary (1992) (a judicial or statutory presumption should be considered a mandatory presumption unless there is clear language to the contrary).

As a general rule, a mandatory presumption:

> imposes on the party against whom it is directed the burden of going forward with evidence to rebut or meet the presumption, but does not shift to such party the burden of proof in the sense of the risk of nonpersuasion, which remains throughout the trial upon the party on whom it was originally cast. The burden of going forward is satisfied by the introduction of evidence sufficient to permit reasonable minds to conclude that the presumed fact does not exist.

N.C. Gen. Stat. § 8C-1, Rule 301. Thus, when plaintiff proffers the evidence required by section 8-58.1, the finder-of-fact <u>must</u> find the total amount of the alleged medical charges is reasonable, <u>unless</u> defendant carries its burden of going forward by rebutting the presumed fact of reasonableness. *Id. See also* BRANDIS & BROUN ON NORTH CAROLINA EVIDENCE § 44. .

[3] Nonetheless, to recover medical expenses plaintiff bears the ultimate burden of proving "both that the medical attention [plaintiff] received was reasonably necessary for proper treatment of [plaintiff's] injuries and that the charges made were reasonable in amount." *Ward v. Wentz*, 20 N.C. App. 229, 232, 201 S.E.2d 194, 197 (1973). *See also* N.C.P.I., Civ. 106.15-106.20.[1] Put simply, an aggrieved party must

---

1. The trial court, here, instructed the jury:

> Medical expenses include all hospital, doctor, drug and psychologist bills <u>reasonably paid or incurred</u> by the Plaintiff, Anthony Campbell, <u>as a consequence of the minor Plaintiff's injury.</u>

satisfy a two-prong test—the claimed medical charges were (1) reasonably necessary, and (2) reasonable in amount.

**[4]** When, as here, defendant fails to rebut the medical expenses presumption, the second prong—medical expenses are reasonable in amount—is conclusively established. The medical expenses presumption does not, however, operate to preclude the jury from finding that Campbell's medical expenses were not reasonably necessary for the proper treatment of his injuries. In fact, to hold otherwise would infringe on the unassailable right of the jury to weigh evidence and assess the credibility of witnesses. *See Booher v. Frue*, 98 N.C. App. 570, 577-578, 394 S.E.2d 816, 819-820, *disc. review denied*, 327 N.C. 426, 395 S.E.2d 674 (1990). Therefore, as it remains entirely within the province of the jury to determine whether certain medical treatment was reasonably necessary, we cannot say, under the present record, that the jury erred, as a matter of law, in awarding only $20,000 for medical expenses. Accordingly, we conclude the trial court did not abuse its discretion by denying plaintiffs' motion for a new trial under N.C.R. Civ. P. 59(a).

**[5]** Plaintiffs next contend the trial court erred by denying their motion for relief from judgment pursuant to N.C.R. Civ. P. 60(b)(2).

Rule 60(b) provides, in pertinent part:

On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons:

. . . .

(2) Newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b);

N.C. Gen. Stat. § 1A-1, Rule 60(b) (1990). N.C.R. Civ. P. 59(b) establishes that a motion for new trial under subsection (a) must be made "not later than 10 days after entry of the judgment." N.C. Gen. Stat.

---

So, finally, as to this fourth issue on which the [Plaintiffs] have the burden of proof, if you find, by the greater weight of the evidence . . . the amount of actual medical expenses of Eric Joel Campbell, proximately caused by the negligence of the Defendant, then it would be your duty to write that amount in the blank space provided, <u>if you find the amount of [$49,820.59] to be reasonable and necessary.</u>

(emphasis added). *See* N.C.P.I., Civ. 810.20.

§ 1A-1, Rule 59(b). Thus, according to the plain language of Rule 60(b)(2), the moving party cannot seek relief from judgment where the movant had the opportunity, through the exercise of due diligence, to make a motion for new trial pursuant to Rule 59(a)(4). Therefore, under the present facts and circumstances, this assignment of error must fail.

No error.

Judges GREENE and JOHN concur.