CONNIE G. BLACKMON, Plaintiff v. MICHELLE C. BUMGARDNER, and MARVIN L. McMILLAN, Defendants

No. COA98-1394

(Filed 5 October 1999)

**1. Costs— attorney fees—settlement amount greater than actual recovery**

The trial court did not abuse its discretion in a negligence case arising out of an automobile accident by denying plaintiff's motion for attorney fees because the amounts offered in settlement were more than four times the amount recovered by plaintiff at trial. N.C.G.S. § 6-21.1.

BLACKMON v. BUMGARDNER

[135 N.C. App. 125 (1999)]

**2. Costs— judgment less than offer of judgment**

The·trial court did not err in a negligence case arising out of an automobile accident by awarding a portion of costs to defendant under N.C.G.S. § 1A-1, Rule 68(a) because plaintiff recovered a judgment less than defendant's offer of judgment and plaintiff must bear defendants' costs incurred since the making of the offer.

**3. Witnesses— expert witness fees—appealability—failed to assign error—no subpoena—trial court's discretion**

The trial court did not err in a negligence case arising out of an automobile accident by failing to award plaintiff expert witness fees because: (1) plaintiff failed to assign error to the trial court's denial of plaintiff's request for expert witness fees; (2) even if the error was properly assigned, there is no evidence to suggest plaintiff's expert witnesses appeared in court in response to a subpoena as required by N.C.G.S. § 7A-314; and (3) even if subpoenas were issued, the decision to award expert fees lies within the trial court's discretion.

**4. Motor Vehicles— automobile accident—judgment notwithstanding the verdict—credibility a jury issue**

The trial court did not err in a negligence case arising out of an automobile accident by denying plaintiff's motions for judgment notwithstanding the verdict under N.C.G.S. § 1A-1, Rule 50 and for a new trial when defendants stipulated to the issue of negligence but not to the issues of proximate cause or damages because the jury weighs credibility and has the right to believe any part or none of the testimony concerning plaintiff's injuries, the reasonableness of her medical expenses, and the extent of her pain and suffering.

**5. Damages and Remedies— automobile accident—motion to set aside the verdict—inadequate damages—jury determines if medical treatment is reasonably necessary**

The trial court did not err in a negligence case arising out of an automobile accident by denying plaintiff's motion to set aside the verdict under N.C.G.S. § 1A-1, Rule 59 based on inadequate damages because defendants rebutted the presumed reasonableness of the medical charges and it remains entirely within the province of the jury to determine whether certain medical treatment was reasonably necessary. N.C.G.S. § 8-58.1.

BLACKMON v. BUMGARDNER

[135 N.C. App. 125 (1999)]

**6. Motor Vehicles— jury instructions—matters of insurance— limit deliberations to matters in evidence—additional instructions within trial court's discretion**

The trial court did not abuse its discretion in a negligence case arising out of an automobile accident by refusing to instruct the jury that it should not consider matters of insurance because the trial court properly instructed the jury to limit its deliberations to matters in evidence and the decision whether to give the jury additional instructions about matters of insurance was within the trial court's discretion.

**7. Witnesses— automobile accident—expert witness—chiropractor—adequately instructed**

The trial court did not err in a negligence case arising out of an automobile accident by refusing to instruct the jury that a chiropractor is an expert witness because the trial court adequately instructed the jury on the issue of expert testimony under N.C.G.S. § 90-157.2 and the trial court told the jury that the doctor was accepted as an expert in the field of chiropractic.

**8. Evidence— cross-examination of plaintiff—questions concerning date of communications—attorney-client privilege not violated—opened the door**

The trial court did not err by allowing defense counsel to cross-examine plaintiff about privileged communications between plaintiff and her attorney because: (1) defendants merely asked whether plaintiff had communications at all with her attorney on the dates in question and defendants did not seek to elicit the substance of those conversations from plaintiff; and (2) plaintiff's attorney opened the door on redirect by asking plaintiff about conversations she had with her attorney.

Judge GREENE dissenting in part.

Appeal by plaintiff from judgment entered 27 July 1998 by Judge Timothy L. Patti in Gaston County Superior Court. Heard in the Court of Appeals 24 August 1999.

On 18 July 1995, Connie G. Blackmon (plaintiff) was driving a 1988 Mazda automobile on North New Hope Road in Gastonia, Gaston County, North Carolina, approaching the Kentucky Fried Chicken (KFC) parking lot. Michelle C. Bumgardner (defendant

Bumgardner) drove Marvin L. McMillan's (defendant McMillan) truck from the KFC parking lot onto North New Hope Road in the path of the plaintiff's vehicle. The vehicles driven by plaintiff and defendant Bumgardner collided.

Officer D.G. Luckadoo of the Gastonia Police Department investigated the automobile accident. Defendant Bumgardner and her two children reported no injuries; the officer assigned plaintiff an injury code of "C" indicating complaints of injury with no visible signs. Following the accident, plaintiff initially sought treatment at the emergency room of Gaston Memorial Hospital, where she was examined by Dr. Paul M. Peindl. Dr. Peindl diagnosed contusions to the upper left chest and right knee of plaintiff. He concluded that there were no restrictions in plaintiff's ability to return to work, and plaintiff was discharged in stable condition.

The next day, plaintiff began chiropractic treatment with Dr. Fletcher G. Keith of Keith Clinic of Chiropractic. Plaintiff initially complained of headaches, neck pain, and popping sounds in the neck when turning her head. Dr. Keith diagnosed a cervical sprain, a lumbar sprain and post-traumatic cephalgia. He treated plaintiff until 7 January 1996 when she was released from his care.

At trial, plaintiff testified that she never had migraine headaches before the accident, but now suffers from them at least once a month. In accordance with Dr. Keith's instructions, plaintiff stayed out of work for one week following the accident. Defense counsel asked plaintiff about dates on which she had communications with her attorney regarding her physical condition, and specifically whether plaintiff had any contact with her attorney from the time of the accident in July 1995 to the filing of the complaint in November 1996. Over objection, the court instructed plaintiff to answer.

At trial, plaintiff sought damages for her pain and suffering, for $2,379.00 in medical expenses and $406.29 in lost wages. Defendants stipulated to negligence, but not to proximate cause nor to damages. The jury awarded plaintiff damages of $900.00. The trial court denied plaintiff's motions for a judgment notwithstanding the verdict and for a new trial. The trial court also taxed a portion of defendant's costs to the plaintiff, and denied plaintiff's motion for attorney fees. Plaintiff appealed, assigning error.

**BLACKMON v. BUMGARDNER**

[135 N.C. App. 125 (1999)]

*Tim L. Harris & Associates, P.C., by William E. Moore, Jr., for plaintiff appellant.*

*Morris York Williams Surles & Barringer, by R. Gregory Lewis and Demetrius L. Worley, for defendant appellees.*

HORTON, Judge.

Plaintiff contends the trial erred by: (I) denying plaintiff's motion for attorney fees, awarding costs to defendant, and failing to award plaintiff expert witness fees; (II) refusing to set aside the verdict and grant a new trial on the issue of damages; (III) refusing to instruct the jury that it should not consider matters of insurance; (IV) refusing to instruct the jury that a chiropractor is an expert witness; and (V) allowing defense counsel to cross-examine plaintiff about privileged communications between plaintiff and her attorney.

## I. Costs and Fees

### Award of Attorney Fees

[1] Plaintiff argues that the trial court erred in denying her motion for an award of attorney fees pursuant to N.C. Gen. Stat. § 6-21.1 (1997), which provides that

> [i]n any personal injury or property damage suit, or suit against an insurance company under a policy issued by the defendant insurance company and in which the insured or beneficiary is the plaintiff, upon a finding by the court that there was an unwarranted refusal by the defendant insurance company to pay the claim which constitutes the basis of such suit, instituted in a court of record, where the judgment for recovery of damages is ten thousand dollars ($10,000) or less, the presiding judge may, in his discretion, allow a reasonable attorney fee to the duly licensed attorney representing the litigant obtaining a judgment for damages in said suit, said attorney's fee to be taxed as a part of the court costs.

In *Hicks v. Albertson*, 284 N.C. 236, 200 S.E.2d 40 (1973), our Supreme Court upheld an award of attorney's fees under section 6-21.1 and stated that:

> The obvious purpose of this statute is to provide relief for a person who has sustained injury or property damage in an amount so small that, if he must pay his attorney out of his recovery, he may well conclude that [it] is not economically feasible to

BLACKMON v. BUMGARDNER

[135 N.C. App. 125 (1999)]

bring suit on his claim. In such a situation the Legislature apparently concluded that the defendant, though at fault, would have an unjustly superior bargaining power in settlement negotiations. . . . This statute, being remedial, should be construed liberally to accomplish the purpose of the Legislature and to bring within it all cases fairly falling within its intended scope.

*Id.* at 239, 200 S.E.2d at 42; *City Finance Co. v. Boykin*, 86 N.C. App. 446, 450, 358 S.E.2d 83, 85 (1987). "The allowance of counsel fees under G.S. 6-21.1 is, by the express language of the statute, in the discretion of the presiding judge. The case law in North Carolina is clear that to overturn the trial judge's determination, the defendant must show an abuse of discretion." *Hillman v. United States Liability Ins. Co.*, 59 N.C. App. 145, 155, 296 S.E.2d 302, 309 (1982), *disc. review denied*, 307 N.C. 468, 299 S.E.2d 221 (1983). " 'Abuse of discretion results where the court's ruling is manifestly unsupported by reason or is so arbitrary that it could not have been the result of a reasoned decision.' " *State v. Trull*, 349 N.C. 428, 445, 509 S.E.2d 178, 190 (1998) (quoting *State v. Hennis*, 323 N.C. 279, 285, 372 S.E.2d 523, 527 (1988)).

In the case before us, we do not find an abuse of discretion by the trial court. Upon plaintiff's motion, the court heard arguments from counsel for both parties. Defense counsel argued that, prior to trial, defendant made an offer of judgment of $4,100.00 which was rejected by plaintiff. After hearing other arguments from both parties, the trial court stated:

Having considered the arguments of counsel for attorney's fees based on the fact that Jury award was substantially less than the offered judgment, I'm going to exercise my discretion and DENY counsel's request for attorney fees.

This Court has recently held that in exercising its discretion, the trial court should consider all the circumstances of the case, which include offers of settlement made by the opposing party, and the timing of those offers. *See Washington v. Horton*, 132 N.C. App. 347, 351, —— S.E.2d ——, —— (1999). Here, a substantial offer of judgment was made well before trial, and that offer was increased through negotiations to the sum of $4,750.00. The amounts offered in settlement were more than four times the amount recovered by the plaintiff at trial. We hold that under these circumstances the trial court did not abuse its discretion in denying plaintiff's motion for an award of attorney fees.

BLACKMON v. BUMGARDNER

[135 N.C. App. 125 (1999)]

*Costs Awarded to Defendants*

**[2]** Plaintiff next contends the trial court erred in awarding a portion of their costs to defendants. In the judgment dated 27 July 1998, the trial court awarded "[c]osts incurred subsequent to October 8, 1997, including Defendants' post-Offer of Judgment costs of $275.85, are taxed to the Plaintiff." It appears the trial court based the award on N.C. Gen. Stat. § 1A-1, Rule 68(a), which provides in pertinent part:

> At any time more than 10 days before the trial begins, a party defending against a claim may serve upon the adverse party an offer to allow judgment to be taken against him for the money or property or to the effect specified in his offer, with costs then accrued. . . . An offer not accepted within 10 days after its service shall be deemed withdrawn and evidence of the offer is not admissible except in a proceeding to determine costs. If the judgment finally obtained by the offeree is not more favorable than the offer, the *offeree* must pay the costs incurred after the making of the offer.

*Id.* (1990) (emphasis added). "The purpose of Rule 68 is to encourage settlements and avoid protracted litigation. The offer operates to save the defendant the costs from the time of that offer if the plaintiff ultimately obtains a judgment for less than the sum offered." *Scallon v. Hooper,* 58 N.C. App. 551, 554, 293 S.E.2d 843, 844, *disc. review denied,* 306 N.C. 744, 295 S.E.2d 480 (1982). Defendants made an offer of judgment to plaintiff on 8 October 1997 in the amount of $4,100.00. Plaintiff recovered a judgment in the amount of $900.00, which is less than defendant's offer of judgment. Consistent with Rule 68(a) and the holding in *Scallon,* plaintiff must bear defendants' costs incurred since the making of the offer on 8 October 1997. The trial court did not err in awarding post-offer of judgment costs to defendants. This assignment of error is overruled.

*Expert Witness Fees*

**[3]** Plaintiff contends the trial court erred in failing to award plaintiff expert witness fees. A review of the record on appeal reveals that plaintiff failed to assign error to the trial court's denial of plaintiff's request for expert witness fees. The " 'scope of review on appeal is confined to a consideration of those assignments of error set out in the record on appeal in accordance with this Rule.' " *Wicker v. Holland,* 128 N.C. App. 524, 528, 495 S.E.2d 398, 400-01 (1998); N.C.R. App. P. 10(a). Even assuming *arguendo* that plaintiff properly

assigned error, we hold that the trial court did not err in denying plaintiff's motion.

The decision whether to award expert witness fees lies within the court's discretion. N.C. Gen. Stat. § 7A-314 provides in pertinent part:

> (a) A witness under subpoena, bound over, or recognized, other than a salaried State, county, or municipal law-enforcement officer, or an out-of-state witness in a criminal case, whether to testify before the court, Judicial Standards Commission, jury of view, magistrate, clerk, referee, commissioner, appraiser, or arbitrator shall be entitled to receive five dollars ($5.00) per day, or fraction thereof, during his attendance, which except as to witnesses before the Judicial Standards Commission, must be certified to the clerk of superior court.
>
> . . . .
>
> (d) An expert witness, other than a salaried State, county, or municipal law-enforcement officer, shall receive such compensation and allowances as the court, or the Judicial Standards Commission, *in its discretion,* may authorize. A law-enforcement officer who appears as an expert witness shall receive reimbursement for travel expenses only, as provided in subsection (b) of this section.

*Id.* (Cum. Supp. 1998) (emphasis added). Our Supreme Court has interpreted the above statute and held that

> Sections (a) and (d) must be considered together. Section (a) makes a witness fee for any witness, except those specifically exempted therein, dependent upon his having been subpoenaed to testify in the case, and it fixes his fee at $5.00 per day. As to expert witnesses, Section (d) modifies Section (a) by permitting the court, in its discretion, to increase their compensation and allowances. The modification relates only to the amount of an expert witness's fee; it does not abrogate the requirement that all witnesses must be subpoenaed before they are entitled to compensation.

*State v. Johnson,* 282 N.C. 1, 27-28, 191 S.E.2d 641, 659 (1972). There is no evidence in the record to suggest that plaintiff's expert witnesses appeared in court in response to a subpoena. However, even if subpoenas were issued, the court has discretion on whether to award expert witness fees. We cannot say under these circumstances that

the trial court abused its discretion, or that its ruling was "manifestly unsupported by reason" or so arbitrary that it could not have been the result of a "reasoned decision." *See Trull*, 349 N.C. at 445, 509 S.E.2d at 190. This assignment of error is overruled.

## II. JNOV and New Trial

**[4]** Plaintiff next contends the trial court erred in denying her motions for judgment notwithstanding the verdict and for a new trial. Rule 50 of the North Carolina Rules of Civil Procedure provides in pertinent part:

(b) Motion for Judgment Notwithstanding the Verdict.—

(1) Whenever a motion for a directed verdict made at the close of all the evidence is denied or for any reason is not granted, the submission of the action to the jury shall be deemed to be subject to a later determination of the legal questions raised by the motion. Not later than 10 days after entry of judgment, a party who has moved for a directed verdict may move to have the verdict and any judgment entered thereon set aside and to have judgment entered in accordance with his motion for a directed verdict; or if a verdict was not returned such party, within 10 days after the jury has been discharged, may move for judgment in accordance with his motion for a directed verdict. In either case, the motion shall be granted if it appears that the motion for directed verdict could properly have been granted.

N.C. Gen. Stat. § 1A-1, Rule 50 (1990). A motion for judgment notwithstanding the verdict tests the legal sufficiency of the evidence to go to the jury. *Jacobsen v. McMillan*, 124 N.C. App. 128, 131, 476 S.E.2d 368, 369 (1996). A motion for judgment notwithstanding the verdict is cautiously and sparingly granted. *Bryant v. Nationwide Mut. Fire Ins. Co.*, 313 N.C. 362, 369, 329 S.E.2d 333, 338 (1985). Further, " '[i]t has been long settled in our jurisdiction that an appellate court's review of a trial judge's discretionary ruling either granting or denying a motion to set aside a verdict and order a new trial is strictly limited to the determination of whether the record affirmatively demonstrates a manifest abuse of discretion by the judge.' " *Id.* at 380, 329 S.E.2d at 343 (citations omitted). "In considering a motion for [judgment notwithstanding the verdict], the trial court is to consider all evidence in the light most favorable to the party opposing the motion;

the nonmovant is to be given the benefit of every reasonable inference that legitimately may be drawn from the evidence; and contradictions must be resolved in the nonmovant's favor." *Smith v. Price,* 315 N.C. 523, 527, 340 S.E.2d 408, 411 (1986).

In support of her position, plaintiff relies upon the case of *Robertson v. Stanley,* 285 N.C. 561, 206 S.E.2d 190 (1974). In *Robertson,* the minor plaintiff and his father sued the defendant for damages resulting from defendant's alleged negligence. The minor plaintiff sought to recover for personal injuries, and the father sought recovery for medical expenditures incurred by reason of his son's personal injuries. The medical expenses were stipulated to be in the amount of $1,970.00. The jury answered the issues of negligence in favor of the plaintiffs and awarded $1,970.00 to the father and nothing to the minor plaintiff. The trial court denied the plaintiff's motion for a new trial, and this Court found no error in the trial. Our Supreme Court held that the jury arbitrarily ignored the minor plaintiff's proof of pain and suffering, reasoning that "[i]f the minor plaintiff was entitled to a verdict against defendant by reason of personal injuries suffered as a result of defendant's negligence, then he was entitled to *all* damages that the law provides in such case." *Id.* at 566, 206 S.E.2d at 194.

Defendant contends that the case *sub judice* and *Robertson* are distinguishable. We agree. Here, defendants stipulated to the issue of negligence, but not to the issues of proximate cause or damages. We note that

[a] stipulation is an agreement between the parties establishing a particular fact in controversy. The effect of a stipulation is to eliminate the necessity of submitting that issue of fact to the jury. Where facts are stipulated, they are deemed established as fully as if determined by jury verdict. A stipulated fact is not for the consideration of the jury, and the jury may not decide such fact contrary to the parties' stipulation.

*Smith v. Beasley,* 298 N.C. 798, 800-01, 259 S.E.2d 907, 909 (1979) (citations omitted). Because the parties did not stipulate to the issues of proximate cause and damages, these issues were to be considered by the jury. In *Beasley,* as in this case,

there was no stipulation removing any element of damages from the consideration of the jury. The testimony of plaintiff's witnesses remained mere evidence in this case to be considered by

the jury. It is the function of the jury alone to weigh the evidence, determine the credibility of the witnesses and the probative force to be given their testimony, and determine what the evidence proves or fails to prove. In weighing the credibility of the testimony, the jury has the right to believe any part or none of it.

*Id.* at 801, 259 S.E.2d at 909 (citation omitted). In the case before us, the jury considered plaintiff's evidence with regard to her medical expenses, lost wages, and pain and suffering. The jury performed its function of hearing the testimony and weighing the credibility of plaintiff's witnesses. In weighing credibility, the jury had the right to believe any part or none of the testimony concerning plaintiff's injuries, the reasonableness of her medical expenses, and the extent of her pain and suffering. We hold the trial court did not abuse its discretion in denying plaintiff's motion for judgment notwithstanding the verdict.

**[5]** Plaintiff further contends that the trial court erred in denying her motion to set aside the verdict. She relies on N.C. Gen. Stat. § 1A-1, Rule 59, which provides in pertinent part:

(a) *Grounds.* A new trial may be granted to all or any of the parties and on all or part of the issues for any of the following causes or grounds:

\* \* \* \*

(6) Excessive or inadequate damages appearing to have been given under the influence of passion or prejudice[.]

*Id.* (1990). Plaintiff also cites a relevant North Carolina statute which provides:

Whenever an issue of hospital, medical, dental, pharmaceutical, or funeral charges arises in any civil proceeding, the injured party or his guardian . . . is competent to give evidence regarding the amount of such charges, provided that records or copies of such charges accompany such testimony. The testimony of such a person establishes a rebuttable presumption of the reasonableness of the amount of the charges.

N.C. Gen. Stat. § 8-58.1 (1986). At trial, plaintiff's medical records were admitted into evidence. Plaintiff testified that her medical expenses amounted to $2,379.00. This Court has interpreted the language of N.C. Gen. Stat. § 8-58.1 and held, among other things,

when plaintiff proffers the evidence required by section 8-58.1, the finder-of-fact <u>must</u> find the total amount of the alleged medical charges is reasonable, <u>unless</u> defendant carries its burden of going forward by rebutting the presumed fact of reasonableness.

Nonetheless, to recover medical expenses plaintiff bears the ultimate burden of proving "both that the medical attention [plaintiff] received was reasonably necessary for proper treatment of [plaintiff's] injuries and that the charges made were reasonable in amount." Put simply, an aggrieved party must satisfy a two-prong test—the claimed medical charges were (1) reasonably necessary, and (2) reasonable in amount.

. . . The medical expenses presumption does not, however, operate to preclude the jury from finding that [plaintiff's] medical expenses were not reasonably necessary for the proper treatment of his injuries. In fact, to hold otherwise would infringe on the unassailable right of the jury to weigh evidence and assess the credibility of witnesses.

*Jacobsen*, 124 N.C. App. at 134-35, 476 S.E.2d at 371-72 (citations omitted). Therefore, "it remains entirely within the province of the jury to determine whether certain medical treatment was reasonably necessary . . . ." *Id.* at 135, 476 S.E.2d at 372.

Counsel for defendant elicited the following from plaintiff's expert witness, Dr. Peindl:

Q: And, in fact, there were no complaints with respect to the neck?

A: No.

Q: And no complaints with respect to the back?

A: No.

\* \* \* \*

Q: So in your opinion at the time you saw her there was no reason for her not to return to work or her usual activities; is that right?

A: No.

The testimony of Dr. Peindl could be considered by the jury in assessing the nature of plaintiff's injury and the amount of her damages. Plaintiff contends that defendant failed to rebut the presumption

under N.C. Gen. Stat. § 8-58.1 because defendant failed to offer any evidence to challenge the testimony of plaintiff's expert witnesses. We disagree. *See Smith v. Beasley*, 298 N.C. 798, 259 N.C. 907 (where defendant offered no evidence, the trial court did not err in denying plaintiff's motion to set aside the jury verdict of $3,350.00 as an inadequate award of damages; and there was no merit to plaintiff's contention that because defendant offered no evidence her evidence was uncontradicted and should be treated as a stipulation, since the testimony of plaintiff's witnesses was merely evidence to be considered, weighed, and believed or not believed by the jury). We do not find any evidence of passion or prejudice in the jury's exercise of its fact-finding functions. The trial court did not abuse its discretion in denying plaintiff's Rule 59(a) motion for a new trial. Plaintiff's assignment of error is overruled.

III. Instruction to Jury on Matters Not in Evidence

[6] Plaintiff contends the trial court erred in failing to instruct the jury that it was not to consider matters of insurance in reaching its verdict. The record reveals the following questions by the jury and the judge's response:

> THE COURT: The jury has a question. Well, they actually have three questions and I will read those to you now. The first one "Was the emergency room bill paid by insurance?" The second question, "If so, what percentage of the bill was paid?" The third question, "Were any other medical treatments paid by the defendant's insurance?" Do y'all wish to be heard with regard to a response?

After hearing counsel for both parties, the trial court adopted defense counsel's position to instruct the jury to consider only the evidence presented:

> THE COURT: All right. Members of the jury, I have received three written questions from you. I am going to ask you to recall and keep in mind all the evidence presented during the trial. I am going to ask you to recall and keep in mind and apply the instructions that I gave to you after the attorneys made their closing arguments and instruct you that, members of the jury, *you are to consider only the evidence presented. You are specifically instructed not to consider matters not presented and outside the scope of the evidence presented in open court during this trial.* At this time I am going to ask you to resume your deliberations.

BLACKMON v. BUMGARDNER

[135 N.C. App. 125 (1999)]

Plaintiff objected in the absence of the jury to the trial court's failure to specifically instruct the jury that it was not to consider the matter of insurance in its deliberations. We disagree.

Plaintiff cites *Spivey v. Wilcox Company*, 264 N.C. 387, 141 S.E.2d 808 (1965), for the proposition that evidence as to liability-insurance coverage is inadmissible because it is not only irrelevant but also incompetent. *Id.* at 390, 141 S.E.2d at 811-12. In *Spivey*, the trial court permitted defense counsel to elicit information from the plaintiff that he had received workmen's (now worker's) compensation benefits as a result of the accident. The Supreme Court reversed the case on other grounds, and pointed out that on retrial the existence of liability insurance or the receipt of worker's compensation benefits was not a proper subject of inquiry before the jury. *Spivey* does not inform our decision in this case. Here, the trial court properly instructed the jury to limit its deliberations only to matters in evidence. Plaintiff cites no other authority in support of her position.

Here, prior to the submissions of the questions about insurance by the jury, the judge adequately instructed the jury on the plaintiff's burden of proof, the law of negligence, and consideration of expert testimony. The decision whether to give the jury additional instructions about matters of insurance was one within the trial court's sound discretion, and its decision will not be overturned absent an abuse of that discretion.

> It is well settled in this State that the court's charge must be considered contextually as a whole, and when so considered, if it presents the law of the case in such a manner as to leave no reasonable cause to believe the jury was misled or misinformed, this Court will not sustain an exception on the grounds that the instruction might have been better.

*Hanks v. Insurance Co.*, 47 N.C. App. 393, 404, 267 S.E.2d 409, 415 (1980). Here we hold there was no abuse of discretion by the trial court in its further instruction to the jury. Plaintiff's assignment of error is overruled.

### IV. Expert Witness Instruction

[7] Plaintiff contends the trial court erred in failing to instruct the jury that a chiropractor is an expert witness in accordance with N.C. Gen. Stat. § 90-157.2. That statute reads as follows:

A Doctor of Chiropractic, for all legal purposes, shall be considered an expert in his field and, when properly qualified, may testify in a court of law as to:

(1) The etiology, diagnosis, prognosis, and disability, including anatomical, neurological, physiological, and pathological considerations within the scope of chiropractic, as defined in G.S. 90-151; and

(2) The physiological dynamics of contiguous spinal structures which can cause neurological disturbances, the chiropractic procedure preparatory to, and complementary to the correction thereof, by an adjustment of the articulations of the vertebral column and other articulations.

*Id.* (1997). In his charge to the jury, the trial judge instructed the jury on the issue of expert testimony as follows:

In this case you have heard evidence from witnesses who have testified as expert witnesses. An expert witness is permitted to testify in the form of an opinion in a field where he purports to have specialized skill or knowledge.

As I have instructed you, you are the sole judges of the credibility of each witness and the weight to be given to the testimony of each witness. In making this determination as to the testimony of an expert witness, you should consider . . . the evidence with respect to the witness' training, qualifications and experience or the lack thereof, the reasons, if any, given for the opinion, whether or not the opinion is supported by the facts you find from the evidence, whether or not the opinion is reasonable, and whether or not it is consistent with other believable evidence in the case.

You should consider the opinion of an expert witness but you are not bound by it. In other words, you are not required to accept an expert witness' opinion to the exclusion of the facts and circumstances disclosed by other testimony.

The judge's charge to the jury is taken from the Pattern Jury Instructions on expert witness testimony. N.C.P.I. Civil 101.25. With regard to jury instructions, this Court

has held the use of the N.C.P.I. to be "the preferred method of jury instruction." However, a new trial may be necessary if a pattern instruction misstates the law.

*Barber v. Constien,* 130 N.C. App. 380, 385, 502 S.E.2d 912, 915 (citation omitted), *disc. review denied,* 349 N.C. 351, 515 S.E.2d 699 (1998). We note that after Dr. Keith was qualified and tendered as an expert witness during the trial, the trial court instructed the jury that Dr. Keith "is accepted by the Court as an expert in the field of chiropractic." In the case before us, we hold the trial court adequately instructed the jury on the issue of expert testimony. The trial court did not err in failing to instruct the jury that a chiropractor is an expert witness in accordance with N.C. Gen. Stat. § 90-157.2 (1997). This assignment of error is overruled.

### V. Confidential Communications

[8] Plaintiff finally contends that the trial court erred in allowing defense counsel to cross-examine plaintiff and then to argue to the jury about privileged communications between plaintiff and her attorney. On recross-examination defense counsel questioned plaintiff concerning communications she had with her attorney:

Q: The question was[,] is it your testimony that you had no contact with your attorney from the period of July '95 through November of '96?

MR. MOORE: Objection.

THE COURT: Overruled. You may answer.

A: Probably only in letter form from his office.

Q: Okay, and during that time maybe through letter form did you update your attorney before November, '96 with respect to your conditions?

MR. MOORE: Objection, Your Honor.

THE COURT: Overruled. You may answer.

* * * *

Q: Okay. So you never updated your attorney with respect to your physical condition before November of '96?

A: No.

MR. MOORE: Objection as to any communication between this client and her attorney.

THE COURT: Overruled.

**BLACKMON v. BUMGARDNER**

[135 N.C. App. 125 (1999)]

With regard to the attorney-client privilege, our Supreme Court has held that:

> It is well established that the substance of communications between attorney and client is privileged under proper circumstances. *See generally* 1 Stansbury's North Carolina Evidence § 62 (Brandis rev. 1973); McCormick on Evidence § 87-95 (2nd ed. 1972). Not all facts pertaining to the lawyer-client relationship are privileged, however. "[T]he authorities are clear that the privilege extends essentially only to the substance of matters communicated to an attorney in professional confidence. Thus the identity of a client or the fact that a given individual has become a client are matters which an attorney normally may not refuse to disclose, even though the fact of having retained counsel may be used as evidence against the client." *Colton v. United States*, 306 F.2d 633, 637 (2nd Cir. 1962). We are of the opinion that the fact that an attorney did communicate with his client in a certain manner on a certain date is likewise not normally privileged information. "It is the substance of the [attorney-client] communication which is protected, however, not the fact that there have been communications." *United States v. Kendrick*, 331 F.2d 110, 113 (4th Cir. 1964). . . .

> \* \* \* \*

> It is well settled that the privilege afforded a confidential communication between attorney and client may be waived by the client when he offers testimony concerning the substance of the communication.

*State v. Tate*, 294 N.C. 189, 192-93, 239 S.E.2d 821, 824-25 (1978). Here, there was no violation of the attorney-client privilege. Defendants' questions on cross-examination address whether plaintiff had communications at all with her attorney on the dates in question. Defendants did not seek to elicit the substance of those conversations from plaintiff. Further, on redirect examination, plaintiff's attorney opened the door about communications plaintiff had with his firm prior to the filing of the complaint:

> Q: And is that when you met with the lawyers in my office?
>
> A: Yes.
>
> Q: And is that when you provided us with the information on which we based our pleadings in this case?

A: Yes, sir.

Q: Had you come back in November and visited us again?

A: No.

\* \* \* \*

Q: So you came and provided us with information in July and it took my office that much time to get it filed; is that right?

A: Yes.

Since plaintiff opened the door about any contact she had with her attorney and the dates such contact occurred, it was not improper for defense counsel to cross-examine plaintiff about this issue. This assignment of error is overruled.

Plaintiff was afforded a fair trial before a jury and an able trial judge. In that trial we find

No error.

Judge TIMMONS-GOODSON concurs.

Judge GREENE dissents in part.

Judge GREENE dissenting in part.

I believe the trial court failed to exercise its discretion in denying Plaintiff's request for attorney's fees under N.C. Gen. Stat. § 6-21.1 and therefore that denial must be reversed and remanded for reconsideration. Otherwise, I fully concur with the majority.

The trial court denied Plaintiff's request for a section 6-21.1 award of attorney's fees on the explicit grounds that the "[j]ury award was substantially less than the offered judgment." This is an indication the trial court may have believed it was *required* to deny Plaintiff's request for attorney's fees on the ground the jury verdict was less than the offered judgment. This is simply not the law and also reveals the trial court did not exercise its discretion in ruling on Plaintiff's section 6-21.1 attorney's fees request.[1] *See Calloway v.*

---

1. The exercise of discretion pursuant to a section 6-21.1 motion requires a consideration of "the entire record," *Washington v. Horton*, 132 N.C. App. 347, 351, 513 S.E.2d 331, 334 (1999), with emphasis on the economical feasibility of plaintiff's claim. *See Hicks v. Albertson*, 284 N.C. 236, 239, 200 S.E.2d 40, 42 (1973) (statute must be construed liberally to accomplish purpose).

*Motor Co.*, 281 N.C. 496, 505, 189 S.E.2d 484, 490-91 (1972) (motion denied as a matter of law when it should have been decided as a matter of discretion must be reversed and remanded); N.C.G.S. § 6-21.1 (1997) (attorney's fee award in discretion of court).

Rule 68 of our Rules of Civil Procedure does *require* the trial court to assess plaintiff with "the costs incurred after" the offer, if the plaintiff rejects an offer from the defendant and the "judgment finally obtained" by the plaintiff is "not more favorable than the offer." N.C.G.S. § 1A-1, Rule 68(a) (1990). The "judgment finally obtained" is the final judgment entered by the trial court, including the amount of the jury verdict and any attorney's fees assessed pursuant to section 6-21.1. *Poole v. Miller*, 342 N.C. 349, 354, 464 S.E.2d 409, 412 (1995). In this case, a denial of attorney's fees on the basis of Rule 68 would have thus been premature if based simply on the comparison of the $900.00 jury verdict with the $4,100.00 offer. Furthermore, even if the offer is determined to be more favorable than the "judgment finally obtained," the trial court retained the authority under N.C. Gen. Stat. § 6-21.1 to award attorney's fees for legal services rendered to Plaintiff *prior* to the offer. *Purdy v. Brown*, 307 N.C. 93, 98-99, 296 S.E.2d 459, 463 (1982).