***********
In its decision and order, the Court of Appeals said with reference to the remand:
 Plaintiff himself was unhurt in the accident, but alleged damages in the amount of $82,892.63. Damages were awarded to plaintiff (by the Deputy Commissioner) in the amount of $84,053.63, which exceeded the amount claimed by plaintiff and the amounts in the evidence of record.
Plaintiff argues that the disregard for the stipulations as to the trailer loss, wrecker costs, site cleanup and storage fees is inconsistent with prior decisions of this Court and prays that this Court reinstate the damages found by the Deputy Commissioner. Stipulation to a particular fact has the effect of "`eliminat[ing] the necessity of submitting that issue of fact to the [fact-finder].'" Blackmon v.Bumgardner, 135 N.C. App. 125, 134, 519 S.E.2d 335, 341 (1999) (quotingSmith v. Beasley, 298 N.C. 798, 800-01, 259 S.E.2d 907, 909 (1979)). "Where facts are stipulated, they are deemed established as fully as if determined by the verdict of a jury." Blair v. Fairchilds,25 N.C. App. 416, 419, 213 S.E.2d 429, 430-31, cert. denied, 287 N.C. 464,215 S.E.2d 622 (1975). Defendant admits that the parties stipulated to certain documents, but only as to their admissibility. Defendant offered no rebuttal evidence as to plaintiff's damages.
Testimony reveals that the existence of damages was certainly stipulated to, including the fact that plaintiff's trailer was split in half. The direct examination of plaintiff is replete with references by his counsel that these damages were stipulated to, without any objection from defendant.
However, regardless of the determination of whether the invoices were stipulated to as their admissibility only or as to the amounts that they represented, or whether or not the Full Commission is allowed to disregard stipulations by the parties, it is certain that the invoices and estimates were introduced through plaintiff's testimony into evidence. They constitute the only evidence in the record as to damages of plaintiff. While the Full Commission is the fact-finder and makes the determinations as to credibility, these documents were allowed into evidence without objection from defendant. Nothing in the record supports the approximately 50% devaluation of the Deputy Commissioner's award by the Full Commission. There is, therefore, no competent evidence in the record to support the award by the Full Commission, and we vacate as to the damages of the trailer, wrecker costs, site cleanup and storage fees, and remand for further proceedings.
 II.
Plaintiff's final contention deals with the award of damages for lost income and additional costs, as they too were cut in half by the Full Commission.
As to lost income, plaintiff testified that he had made "personal notes" regarding his damages. He testified that he had deduced, "based upon [his] earnings for the last few years prior to this accident," that he had an average weekly wage of $5,200.00. Plaintiff confirmed that he was out of work for eight weeks, and that he normally works 36 to 40 weeks out of the year. In those eight weeks, plaintiff opined that he would have worked the entire time, as he travels "back and forth from the east coast to the west coast," and "missed about two full trips plus a little extra due to this accident." By this information, plaintiff derived the amount for his total loss of income to be about $42,000.00.
As to the time spent by plaintiff in procuring equipment necessary for his moving business and additional tractor damages, plaintiff testified that he had estimated that he lost $7,000.00 worth of equipment, spent $2,000.00 in locating a substitute trailer, and $5,000.00 of additional tractor damage repair.
We note that, as in the previous section, defendant never made an argument against these damages, nor introduced evidence that contradicted it. Further, there is no mention in the record as to the Full Commission's finding, in relation to lost income, that "[t]he damages estimated by plaintiff were based on gross income rather than net income and the Full Commission based its damage award on net income."
Defendant contends that plaintiff's own testimony is insufficient to support any finding of damages as to lost income and additional costs, since an award of damages may not rest upon a mere guess or an estimate not based on fact. See Rankin v. Helms, 244 N.C. 532, 538, 94 S.E.2d 651,656 (1956); Daly v. Weeks, 10 N.C. App. 116, 118-19, 178 S.E.2d 30, 31-32
(1970). Testimony similar to that rendered by plaintiff has been deemed proper when provided by the owner or employer, noting that defendant was given ample opportunity to cross-examine, but did not. See Peterson v.Johnson, 28 N.C. App. 527, 531, 221 S.E.2d 920, 924 (1976); Smith v.Corsat, 260 N.C. 92, 131 S.E.2d 894 (1963). In any event, defendant cannot assert the lack of competency of this evidence as grounds to reduce the award as there was no objection to its receipt. See N.C. Gen. Stat. § 8C-1, Rule 103(a) (2001).
The concurring opinion states that the Commission may reduce tort damage awards to a net income amount. While this may be correct, insofar as it relates to loss of income or profits, any "net" amount must be supported by evidence of record and cannot reflect an arbitrary number chosen without a basis in the record itself. Further, there is still no evidence that such a reduction would equal 50% of the total award as only income or profits are subject to such calculations. Finally, as to the concurrence's statement that the Commission may ignore "speculative" damages, we have held that plaintiff's testimony is not too speculative to establish damage. Smith v. Corsat, 260 N.C. 92, 131 S.E.2d 894
(1963).
As the only evidence on damages was either stipulated to by the parties or unobjected to, and as there is no evidence in the record to support the Commission's reductions to plaintiff's demands, this case is remanded to the Full Commission for an award of damages consistent with the evidence of record.
 ***********
Based upon the foregoing the Full Commission enters the following:
 ORDER AND AWARD
The State shall pay plaintiff damages in the amount of $82,892.63, the only amount supported by the evidence.
This 29th day of April 2003.
 S/_____________ THOMAS J. BOLCH COMMISSIONER
CONCURRING:
 S/____________ BUCK LATTIMORE CHAIRMAN
 S/______________________ LAURA KRANIFELD MAVRETIC COMMISSIONER